Bonnie MacNaughton (CA State Bar No. 107402)
Emily Goodell (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone:    (206) 622-3150
Facsimile:    (206) 757-7700
Email:    bonniemacnaughton@dwt.com
         emilygoodell@dwt.com

John D. Freed (CA State Bar No. 261518)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email:    jakefreed@dwt.com

Attorneys for Plaintiff
AMAZON.COM, INC.
AMAZON TECHNOLOGIES, INC.

DAVIS WRIGHT TREMAINE LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation, and AMAZON TECHNOLOGIES, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UMER WASIM, et al.,<br><br>Defendants. | Case No. 4:23-cv-05580-DMR<br><br>**ADMINISTRATIVE MOTION UNDER CIVIL LOCAL RULE 7-11 TO APPROVE ALTERNATIVE SERVICE OF PAKISTAN-BASED DEFENDANTS VIA ELECTRONIC MAIL** |

Plaintiffs Amazon.com, Inc. and Amazon Technologies, Inc. ("Amazon") move under Fed. R. Civ. P. 4(f) and Civil Local Rule 7-11 for entry of an order granting Amazon leave to effectuate alternative service of process upon Defendants Muhammad Usman Khan ("MU Khan"), Yasir Agar ("Agar"), Mavia Nizam ("Nizam"), and Muhammad Shiraz Qureshi ("Qureshi") via electronic mail.

## I.   FACTUAL BACKGROUND

On October 30, 2023, Amazon filed this lawsuit against myriad Defendants, including MU Khan, Agar, Nizam, and Qureshi, who are believed to be residing in Pakistan. Dkt. No. 1.

**MU Khan.** Amazon has attempted service of MU Khan at a U.S. address provided for him on the Articles of Incorporation for defendant entities VTLogoDesign Inc. ("VTL") and MK Affiliates, Inc. ("MKA"), *see* Goodell Decl., Ex. A. The individual residing at this address informed Amazon's process server that MU Khan has not lived there for several years, and stated that he lives in California. *Id.* at ¶ 4. Amazon has been unable to identify any public records connecting MU Khan to an address in California. *Id.* ¶ 5. Amazon is also aware that an individual identified in the Complaint as "Victim 4" has previously attempted to serve MU Khan at the same U.S. address, and received information from a process server indicating that Mr. Khan does not live there. *Id.* ¶ 6.

**Agar, Qureshi, Nizam.** Each of these Defendants is associated with an address in Pakistan. *Id.* ¶¶ 13, 17, 20. Amazon has confirmed the Pakistan addresses for Agar and Qureshi through use of an outside investigator, but its investigator could not confirm the Pakistan address for Nizam. *Id*. ¶¶ 7, 21.

Amazon has initiated service to Defendants MU Khan, Agar, and Qureshi at addresses in Pakistan in a manner consistent with the Hague Convention on Service Abroad of Judicial or Extrajudicial Documents ("Hague Convention"); however, in Pakistan, service through the Hague Convention is unpredictable and unreliable and can take between three and nine months. *Id*. ¶¶ 8-9. Amazon seeks an order allowing for alternative service of process to be made upon Defendants MU Khan, Agar, Nizam, and Qureshi, via electronic mail.

DAVIS WRIGHT TREMAINE LLP

## II. ARGUMENT

Rule 4(f)(3) provides that "an individual . . . may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Service under Rule 4(f)(3) is "neither a last resort nor extraordinary relief." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). To the contrary, "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)" and "the advisory notes indicate the availability of alternate service of process under Rule 4(f)(3) without first attempting service by other means." *Id*. Furthermore, "[t]here is no need to show that a defendant must try to evade service to be subject to substituted service." *Prods. & Ventures Intl. v. Axus Stationary (Shanghai) Ltd.*, 2017 U.S. Dist. LEXIS 55430, at *11 n.3 (N.D. Cal. 2017).

To provide due process for defendants located outside the United States, courts evaluate whether a service method is "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio*, 284 F.3d at 1016 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). In *Rio*, the Ninth Circuit agreed that service by email was appropriate, particularly where the defendant conducted its business by email. *Id*. at 1017-18.

Other courts in this District have authorized email service and found that it is reasonably calculated to provide notice to foreign defendants where the defendants operate online and use email for their businesses. *Amazon.com, Inc. v. Expert Tech Rogers Pvt. Ltd.*, 2021 WL 4461601, at *4 (N.D. Cal. 2021) (authorizing service by email in Amazon trademark enforcement action, even where Hague service already pending); *Microsoft Corp. v. Goldah.com Network Tech. Co.*, 2017 WL 4536417, at *5-6 (N.D. Cal. 2017) (email service on defendants was sufficient where receipt confirmed); *Carson v. Griffin*, 2013 WL 2403601, at *1-2 (N.D. Cal. 2013) (authorizing service by email where the plaintiff previously corresponded with the defendants via email); *Jenkins v. Pooke*, 2009 WL 412987, at *2-3 (N.D. Cal. 2009) (same); *Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *1-2 (N.D. Cal. 2012) (authorizing email service where defendants operated online and relied on email communications for their businesses).

DAVIS WRIGHT TREMAINE LLP

Federal courts have found that alternative service, including service by email, may be used to serve defendants in Pakistan and other South Asian jurisdictions. *See DIRECTV, LLC v. WNK Associates, Inc.,* 2023 WL 2025039, at *2 (E.D. Tex. 2023) (authorizing alternative service by direct messaging through Facebook and LinkedIn acceptable for defendant located in Pakistan); *Amirit Techs., Inc. v. HTN Wireless, Inc.*, 2017 WL 2080418, at *2 (D.N.J. 2017) (concluding that service via email would likely be an acceptable form of service for a defendant in Pakistan); *Shinde v. Nithyananda Found.*, 2014 WL 12597121, at *6–7 (C.D. Cal. 2014) (granting motion for alternative service to Indian defendants via Facebook and email); *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, 2011 WL 2607158, at *12–13 (N.D. Cal. 2011) (granting motion for alternative service and noting that even when countries, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention, the court may order alternative service pursuant to Rule 4(f)(3) as long as the alternative method of service is not expressly prohibited by the Convention or objected to by the receiving state).

Although Pakistan has signed the Hague Convention, the Convention does not apply where the address of the person to be served is not known, and attempting service under the Convention is not a prerequisite to requesting alternative service. *DIRECTV,* 2023 WL 2025039, at *2. District courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3). *See Patrick's Rest., LLC v. Singh*, 2019 WL 121250, at *1 (D. Minn. 2019); *Supima v. Tradeline Enterprises Pvt., Ltd.*, 2020 WL 5356658, at *3 (C.D. Cal. 2020) (noting that the plaintiff's attempt at service through the Hague Convention was lengthy, but unsuccessful, and granting a motion for alternative service via email to defendants in India); *Affinity Labs of Texas, LLC, v. Nissan North America Inc.*, 2014 WL 11342502, *3 (W.D. Tex. 2014) (finding that courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service); *GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y.2012) (ordering alternative service and noting that service under the Hague Convention, which could take approximately six to eight months, may unnecessarily delay the case); *Brown*, 285 F.R.D. at 562–66 (ordering alternative service and noting that service under the Hague Convention would take four to six months").

**MU Khan.** On information and belief, MU Khan operates U.S. entities (Defendants VTL and MKA) from his location in Pakistan. In an unrelated civil lawsuit filed against MU Khan in 2022, a court filing includes a certification that counsel for the United States (as plaintiff) conferred with MU Khan by phone and email. Goodell Decl., Ex. B. A Certificate of Service attached to the filing indicates that copies of the motion were served at an address in Pakistan, and the email addresses mkhan@voipterminator.com, and usman@khans.pk. *Id*. An Amazon account using the name "vtlogodesign inc" [*sic*] and email address vtlogodesignincamz@gmail.com was registered on July 25, 2022. *Id.* ¶ 11. Both addresses and payment methods on the account are listed with the names "VTLOGODESIGN, INC," and "Muhammad Usman Khan." *Id.* ¶ 11.

On October 31, 2023, Amazon sent correspondence via registered email to mkhan@voipterminator.com, usman@khans.pk, and vtlogodesignincamz@gmail.com. Amazon received confirmation that the email to usman@khans.pk was delivered, and confirmation that the email sent to the vtlogodesignincamz@gmail.com was delivered and opened. *Id.* ¶ 12.

**Agar, Nizam, Qureshi.** These Defendants are registrants of domains that hosted websites used to perpetrate the alleged fraud. Dkt. No. 1 ¶¶ 79, 82, 85, 87, 95, 103, 105, 119; Goodell Decl. ¶¶ 13, 14, 16, 17, 19. Defendants Agar and Nizam registered domains with registrar GoDaddy.com, LLC ("GoDaddy"). *Id.* ¶¶ 15, 18. Per their agreements with GoDaddy, Agar and Nizam provided email addresses as registrant contact information (along with physical addresses in Pakistan).[1] *Id.* ¶¶ 13, 14, 16, 17. These email addresses are yasiragar7@gmail.com and yasir@smartstartupsolutions.com (Agar) and mavianizam96@gmail.com (Nizam). *Id.* ¶¶ 13, 14, 16, 17. Defendant Qureshi registered a domain with registrar Namecheap Inc. ("Namecheap"). *Id.* ¶ 22. Per his agreement with Namecheap, Qureshi provided an email address as registrant contact information.[2] This email address is creativewebstudio4@gmail.com. *Id.* ¶ 19.

---

[1] GoDaddy's Domain Name Registration Agreement requires that registrants provide an email address and agree to notify GoDaddy within five (5) business days when any of the information provided as part of the application and/or registration process changes. Goodell Decl. ¶ 23. Per the agreement, it is the registrant's responsibility to keep this information in a current and accurate status and failure to do so is a material breach of the agreement. *Id.*

[2] Namecheap's Registration Agreement requires that registrants provide an email address and agree to notify Namecheap within five (5) business days when any of the information provided

On October 31, 2023, Amazon sent correspondence via registered email to Defendants Agar, Nizam, and Qureshi at the email addresses provided as registrant contact information for each. *Id.* ¶¶ 25-27. Amazon received confirmation that emails to each of these defendants were delivered and opened. *Id.* In September 2023, Amazon separately corresponded with Nizam and Qureshi at the subject email addresses in connection with Uniform Domain Name Proceedings ("UDRP"). *Id.* ¶¶ 28-29. Another Defendant in this case (Ali Alam) responded for Nizam, claiming Nizam was Alam's employee. *Id.* ¶ 28. Qureshi also responded. *Id.* ¶ 29.

Email service is appropriate and important because it is reasonably calculated, under all the circumstances (a) to apprise Defendants of the pendency of the action and (b) because of the urgency in shutting down websites and businesses that are fraudulently deceiving innocent authors and violating Amazon's Lanham Act rights. Although Amazon initiated Hague Convention service on Defendants MU Khan, Agar, Nizam, and Qureshi, by delivering the requisite service documentation to the Pakistan Central Authority on November 29, 2023, *Id.* ¶ 8, Amazon expects Hague service to take an undue amount of time. Given the ongoing harm to Amazon and innocent authors, it is imperative that Amazon expedites service and brings them into this lawsuit at the earliest opportunity.

### III.  CONCLUSION

Amazon asks the Court to enter an Order, under Fed. R. Civ. P. 4(f) & 4(h) authorizing alternative service on Defendants MU Khan, Agar, Nizam, and Qureshi via electronic mail.

DATED: December 4, 2023            Respectfully submitted,

                                                                    DAVIS WRIGHT TREMAINE LLP

                                                                    By: */s/ Emily Goodell*
                                                                           Emily Goodell *(pro hac vice)*

                                                                    Attorney for Plaintiffs
                                                                    AMAZON.COM, INC.
                                                                    AMAZON TECHNOLOGIES, INC.

---

as part of the application and/or registration process changes. Goodell Decl. ¶ 24. Per the agreement, it is the registrant's responsibility to keep this information in a current and accurate status. *Id.*

**MOTION TO APPROVE ALTERNATIVE SERVICE**
Case No. 4:23-cv-05580-DMR

DAVIS WRIGHT TREMAINE LLP