Bonnie MacNaughton (Bar No. 107402)
Emily Goodell (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone:   (206) 622-3150
Facsimile:   (206) 757-7700
Email:       bonniemacnaughton@dwt.com
             emilygoodell@dwt.com

John D. Freed (Bar No. 261518)
DAVIS WRIGHT TREMAINE LLP
50 California Street, Floor 23
San Francisco, CA 94111
Telephone:   (415) 276-6500
Facsimile:   (415) 276-6599
Email:       jakefreed@dwt.com

Attorneys for Plaintiffs
AMAZON.COM, INC.
AMAZON TECHNOLOGIES, INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation, and AMAZON TECHNOLOGIES, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>UMER WASIM, ET AL.,<br><br>Defendants. | Case No. 4:23-cv-05580-DMR<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION UNDER LOCAL CIVIL RULE 7-11 FOR EXPEDITED DISCOVERY RELATING TO IDENTITY OF DOE DEFENDANTS** |

## I. INTRODUCTION

Plaintiffs Amazon.com, Inc. and Amazon Technologies, Inc. ("Amazon") respectfully request an order granting leave to serve, before the Rule 26(f) conference, subpoenas to obtain records relating to the identity of Does 1-11 ("Defendants"). This expedited discovery will help Amazon identify the additional Defendants responsible for perpetrating a scheme that misuses Amazon's intellectual property and harms authors who want to publish through Amazon. Without expedited discovery, Amazon remains unable to determine Defendants' identities, and is without a realistic, near-term means to halt Defendants' ongoing harm.

## II. FACTUAL BACKGROUND

Defendants operate a fraudulent scheme that victimizes innocent people, exploiting Amazon's brand to induce authors to make payments for services that they (inaccurately) believe to be affiliated with Amazon. Dkt. 1 ¶¶ 1, 3. Defendants create websites which misuse Amazon trademarks and offer publishing services that falsely appear to be affiliated with Amazon. *Id.* ¶ 3. After making payment, authors who believe that they are working with Amazon, receive grossly inadequate or non-existent services. *Id.* Defendants have caused significant harm to the author community, as well as to Amazon's reputation and the goodwill it has developed with this community. While extensive investigation has revealed the identity of several named Defendants, Defendant Does 1-11 are unknown individuals and/or entities doing business as Web Design Stop ("WDS"), TMAZ Services Digital ("TMAZ"), Atlas Technologies ("AT") and registering and operating various infringing websites described in the Complaint.

**WDS.** This Doe Defendant registered the domains of Subject Websites 1-5, using registrar Namecheap Inc., listing the name of the registrant publicly as "Redacted for Privacy." In a proceeding under the Uniform Domain-Name Dispute-Resolution Policy ("UDRP"), Amazon received unmasked registrant information, indicating that the named registrant was "Web/Design Stop," with a San Jose address, email address support@webdesignstop.com, and phone number 408-216-7976. *Id.* ¶¶ 42-43. The provided address is the location of a virtual office provider, Regus, which is now IWG PLC. Williams Decl. ¶¶ 7, 11. Amazon has been unable to identify a true entity registered in connection with these identifiers. *Id.* ¶¶ 4-14.

1

**TMAZ.** Defendant Doe operating as TMAZ uses a merchant account with service provider Stripe, to accept fraudulently induced payments from victims who visited Subject Website 1 (amazonpublishingoffice.com). Williams Decl. ¶ 19.

**AT.** Defendant Doe operating as AT has registered the domain for Subject Website 11. Dkt. 1 ¶ 73. In a UDRP proceeding, Amazon received unmasked registrant information, indicating that the named registrant was "Atlas Technologies," with an address of in Florida, email address atlastechnologiespvt@gmail.com, and phone number +92 03209299214. Williams Decl. ¶ 20. Amazon has been unable to identify a true entity registered in connection with these identifiers. *Id.* ¶¶ 20-22.

**Subject Website Operators.** The remaining Doe Defendants have registered the domains of Subject Websites 6, 8, 9, 10, 19, 22, 23, and 25 using registrars Namecheap Inc. and GoDaddy.com, LLC. Registrant names are publicly listed as "Redacted for Privacy" or "Registration Private," with registrant organizations "Withheld for Privacy ehf," and "Domains by Proxy, LLC," respectively. Williams Decl. ¶¶ 24, 29, 32, 36, 40, 46, 52, 58. These Subject Websites and others operated by Doe Defendants WDS and AT advertise contact phone numbers owned by: Vonage, Level 3 Communications (now controlled by Lumen Technologies, Inc.), Onvoy LLC, Dialpad, Telnyx, and Bandwidth. *Id.* ¶¶ 8, 9, 10, 17, 26, 34, 38, 43, 49, 55. They also list physical office addresses that are the locations of mail carriers or virtual office providers including; Regus, Annex Brands, Inc., Sustainable 2 U Inc., and TT Post Services, Inc. *Id.* ¶¶ 11, 18, 27, 44, 50, 56. Several incorporate a chat feature hosted by Zendesk, and use Google Tags to collect data from the sites. Williams Decl. ¶¶ 12-13, 16, 41, 47, 53, 60.

### III.   ARGUMENT

#### A.   Legal Standard

Rule 26 provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Expedited discovery is permitted if the plaintiff demonstrates "good cause," which "may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v.*

2

*Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also*, *e.g.*, *OpenMind Sols., Inc. v. Does 1-39*, 2011 WL 4715200, at *5 (N.D. Cal. 2011) (granting expedited discovery where plaintiff established good cause and discovery presented "minimal inconvenience to the ISPs to which the subpoenas are directed.").

Courts assess four factors to assess good cause to identify Doe defendants through expedited discovery: plaintiffs must (1) identify the Doe defendants with enough detail to show the court that the defendants are subject to the court's jurisdiction; (2) describe attempts to locate and identify the defendants; (3) establish that the claim will survive a motion to dismiss; and (4) demonstrate that the requested discovery will likely identify the defendants. *Strike 3 Holdings, LLC v. Doe*, 2021 WL 4295307, at *1 (N.D. Cal. 2021). Under this standard, expedited discovery may be granted "where a well-known trademark . . . has been counterfeited and the sources or purchasers of the counterfeit products are unknown to plaintiff." *Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, 2020 WL 5049762, at *11 (N.D. Cal. 2020) (granting expedited discovery); *see also Spy Optic Inc. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule A*, 2017 WL 10592133, at *2 (C.D. Cal. 2017) (granting expedited discovery). Courts routinely allow early discovery where it will "substantially contribute to moving th[e] case forward" and is "narrowly tailored" for that purpose. *Semitool*, 208 F.R.D. at 277.

### B. Good Cause Exists for Expedited Discovery

"[W]here the identity of alleged defendants will not be known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants …." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). It makes no sense to defer discovery until after the Rule 26(f) conference because "[o]bviously, a plaintiff cannot have a [Rule 26(f)] conference with an anonymous defendant." *UMG Recordings, Inc. v. Doe*, 2008 WL 4104207, at *2 (N.D. Cal. 2008).

Good cause exists for the requested discovery here because it is narrowly aimed to help uncover Defendants' identities, and there is no conceivable prejudice to Defendants. Defendants' deliberate steps to hide their identities to facilitate their unlawful scheme is the reason Amazon requires expedited discovery. As discussed below, Amazon satisfies all four

3

factors for ordering expedited discovery.

### 1. Amazon Has Identified Defendants with Sufficient Specificity

Amazon has identified several Subject Websites the Doe Defendants registered and operated, which unlawfully use Amazon trademarks to deceive victims. These websites purposefully directed their scheme at authors including those in California, with several of these websites advertising California addresses. Further, Defendant Does transacted business and engaged in commerce in California by using the services of California-based companies including Google, Zendesk, Stripe, and Dialpad. Amazon has also identified one defendant billing entity that received a fraudulently induced payment from a victim deceived by one of the Subject Websites. *See* Williams Decl. ¶ 19.  These specific acts of misconduct identify Defendants with the requisite specificity to grant expedited discovery.  *See G.N. Iheaku & Co. v. Does 1-3*, 2014 WL 2759075, at *2 (N.D. Cal. 2014) (plaintiffs satisfied specificity requirement by identifying "specific acts of misconduct that could only have been perpetrated by actual people"); *Marketo, Inc. v. Doe*, 2018 WL 6046464, at *2 (N.D. Cal. 2018) (same); *Io Group, Inc. v. Does 1-65*, 2010 WL 4055667, at *2 (N.D. Cal. 2010) (same).

### 2. Amazon has Diligently Investigated Defendants' Unlawful Scheme

After Amazon identified the Subject Websites, Amazon used publicly available data to determine various companies that Defendants used to register the domains, make phone calls, host chats, rent mail stops or virtual offices, and even receive payments from victims, in order to perpetrate the scheme. Williams Decl. ¶¶ 4-60.  Amazon also interviewed multiple victims of Defendants' scheme, and investigators working on Amazon's behalf conducted undercover test purchases to gather information and evidence. Dkt. 1 ¶¶ 49, 115.  Because of this diligent investigation, Amazon has been able to identify 18 named Defendants.  However, Amazon could not (and cannot) determine the identity of the remaining Doe Defendants, without conducting third-party discovery.

### 3. Amazon Has Overwhelming Evidence to Support Its Claims

Amazon has overwhelming evidence to ultimately prevail on each of its asserted claims. It owns valid, protectable marks, and Defendants' use of the marks is likely to confuse

victims, and has in fact deceived many victims into believing that Defendants' advertised services originate with Amazon. *See* Dkt. 1 § IV.

### 4. Amazon's Requested Discovery Is the Best Source of Information to Help Identify the Doe Defendants

Amazon seeks to subpoena third-party service providers whose services Defendants used to perpetrate this scheme. *See* Williams Decl. ¶¶ 4-60. These companies are likely to have Defendants' names, contact information, location, financial accounts, and other identifying information. This factor supports expedited discovery. *See Io Group*, 2010 WL 4055667, at *2 (finding plaintiff satisfied fourth factor by identifying entity that should be served with subpoena); *G.N. Iheaku*, 2014 WL 2759075, at *3 (subpoena to Yahoo! likely to produce information sufficient to identify defendants where they used Yahoo! email).

### 5. Expedited Discovery Will Not Unduly Prejudice Defendants

In infringement cases like this where there is no other way to identify the Defendants, "courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference." *UMG*, 2008 WL 4104214, at *3 (granting request for expedited discovery). Defendants cannot claim prejudice where discovery is necessary to find the Defendants and effect service on them. *See Marketo*, 2018 WL 6046464, at *1-3 (granting early discovery where "domain name is not sufficient for Plaintiff to identify the Doe Defendant, and Plaintiff has no other means to identify the Doe Defendant besides [ISP's] record which it refuses to provide without a subpoena.").

Amazon's need to expedite discovery is a direct result of Defendants' attempts to hide their identities by using masked registrant information, virtual addresses, and fake entity names. Had Defendants *not* hidden their identities to further their unlawful activity, Amazon would not need expedited discovery. Defendants cannot reasonably claim to be prejudiced by it now.

### IV. CONCLUSION

Amazon respectfully asks the Court to grant Amazon leave, before the Rule 26(f) conference, to serve Rule 45 subpoenas identify Doe Defendants.

DATED: December 4, 2023

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/ Emily Goodell*
Emily Goodell *(pro hac vice)*

Attorney for Plaintiffs
AMAZON.COM, INC.
AMAZON TECHNOLOGIES, INC.