1  Bonnie MacNaughton (Bar No. 107402)
   Emily Goodell (admitted *pro hac vice*)
2  DAVIS WRIGHT TREMAINE LLP
   920 Fifth Avenue, Suite 3300
3  Seattle, WA 98104
   Telephone:     (206) 622-3150
4  Facsimile:     (206) 757-7700
   Email:         bonniemacnaughton@dwt.com
5                 emilygoodell@dwt.com

6  John D. Freed (Bar No. 261518)
   Jean M. Fundakowski (Bar No. 328796)
7  DAVIS WRIGHT TREMAINE LLP
   50 California Street, Floor 23
8  San Francisco, CA 94111
   Telephone:     (415) 276-6500
9  Facsimile:     (415) 276-6599
   Email:         jakefreed@dwt.com
10                jeanfundakowski@dwt.com

11 Attorneys for Plaintiffs AMAZON.COM, INC.
   and AMAZON TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation, and AMAZON TECHNOLOGIES, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UMER WASIM, *et al.*,<br><br>Defendants. | Case No. 3:23-cv-05580-TLT<br><br>**PLAINTIFFS AMAZON.COM. INC. & AMAZON TECHNOLOGIES, INC.'S REQUEST FOR ENTRY OF DEFAULT BY CLERK PURSUANT TO FED. R. CIV. P. 55(A) AS TO DEFENDANTS:**<br><br>(1) **VTLOGODESIGN, INC.;**<br>(2) **MK AFFILIATES, INC.;**<br>(3) **ALI ALAM;**<br>(4) **DYNAMIC DIGITAL SOLUTIONS LLC;**<br>(5) **MEHWASH MUNIR;**<br>(6) **ONE STOP COMPUTER SERVICES LLC;**<br>(7) **MUHAMMAD ZUBAIR KHAN;**<br>(8) **TECHTURE INC.;**<br>(9) **MUHAMMAD MUDASSAR ANWAR;**<br>(10) **TECH DRIVE PVT LLC;**<br>(11) **ASHHAR RAWOOF; AND**<br>(12) **SMART STARTUP SOLUTIONS, LLC**<br><br>Complaint filed:   October 30, 2023 |

Plaintiffs Amazon.com, Inc. and Amazon Technologies, Inc. (together, "Amazon") hereby request, pursuant to Fed. R. Civ. P. 55(a), entry of default against Defendants: (1) VTLOGODESIGN, INC.; (2) MK AFFILIATES, INC.; (3) ALI ALAM; (4) DYNAMIC DIGITAL SOLUTIONS LLC; (5) MEHWASH MUNIR; (6) ONE STOP COMPUTER SERVICES LLC; (7) MUHAMMAD ZUBAIR KHAN; (8) TECHTURE INC.; (9) MUHAMMAD MUDASSAR ANWAR; (10) TECH DRIVE PVT LLC; (11) ASHHAR RAWOOF; and (12) SMART STARTUP SOLUTIONS, LLC.

Amazon filed its Complaint in this action on October 30, 2023. Dkt. No. 1.

1. <u>VTLOGODESIGN, INC.</u>

Defendant VTLogodesign, Inc. is a Florida corporation which was dissolved on September 22, 2023. Goodell Decl., Ex. A. Amazon unsuccessfully attempted to serve VTLogodesign, Inc. with the summons and complaint at the address of its registered agent in Lake Mary, Florida. Dkt. No. 21; Goodell Decl. ¶ 6, Ex. B. The Federal Rules of Civil Procedure authorize a corporation to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); 4(h)(1)(a). Florida law provides for substitute service on dissolved domestic corporations through the Florida Secretary of State in the same manner as an active domestic corporation: if process cannot be completed on a corporation's registered agent, any corporate officer, or any person listed on the corporation's latest annual report *and* service is attempted on at least one person listed on the corporation's most recent annual report and cannot be completed, process may be served on the Secretary of State as the corporation's agent. Fla. Stat. §§ 48.101; 48.081(3)-(4); 48.161.

The only individual listed in VTLogodesign, Inc.'s corporate records, including its Articles of Organization and most recent annual report, is Muhammad Usman Khan. Goodell Decl., Exs. D, E at 4-5. Amazon tried and failed to serve Mr. Khan at the address listed in VTLogodesign's corporate records in Fairfax, Virginia; a person who answered the door at that address informed Amazon's process server that Mr. Khan had not lived at that address for several years, and Amazon has been unable to find any other physical address for him. Goodell Decl. ¶ 7.

Amazon is attempting to serve Mr. Khan through the Hague Convention at a potential address in Pakistan, but has been told the process could take 3 to 9 months. ¶ 8. Amazon has attempted to serve Mr. Khan at email addresses from other court records and Amazon's records through registered email, but not has received a response, although at least one of those emails was delivered and opened. ¶ 9. Amazon's Motion for Alternative Service, which seeks the Court's permission to effect service on Mr. Khan through email on those addresses, is currently pending before the Court. Dkt. No. 16.

Amazon has been unable to serve Mr. Khan or VTLogodesign, Inc.'s registered agent. For that reason, on December 19, 2023, Amazon served VTLogodesign, Inc. with the Complaint; Demand for Jury Trial; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order for Magistrate Judge Donna M. Ryu; Consent or Declination to Magistrate Judge Jurisdiction (blank); and Notice of Electronic Filing - Notice of Assignment of Case via substitute service on the Florida Secretary of State. Dkt. No. 34; *see also* Goodell Decl. ¶ 10, Ex. C.

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), VTLogodesign, Inc. was required to serve a responsive pleading by January 9, 2024. Dkt. No. 34. To date, however, VTLogodesign, Inc. has not served any responsive pleading, requested additional time to serve a responsive pleading, or otherwise appeared to defend itself against Amazon's allegations in this action. There is no indication that VTLogodesign, Inc. intends to participate in this lawsuit.

Accordingly, Amazon requests that the Clerk enter default against VTLogodesign, Inc.

2. <u>MK AFFILIATES, INC.</u>

Defendant MK Affiliates, Inc. is a Florida corporation which was dissolved on September 22, 2023 for failure to file an annual report. Goodell Decl. ¶ 12, Ex. D. Amazon attempted to serve MK Affiliates, Inc. with the summons and complaint at the address of its registered agent in Orlando, Florida on December 19, 2023, but later learned that the purported agent listed in MK Affiliates, Inc.'s Articles of Incorporation had never done business or heard of MK Affiliates, Inc. Dkt. Nos. 21, 23; Goodell Decl. ¶ 12, Ex. E at 12. The Federal Rules of Civil Procedure authorize a corporation to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is

made." Fed. R. Civ. P. 4(e)(1); 4(h)(1)(a). Florida law provides for substitute service on dissolved domestic corporations through the Florida Secretary of State in the same manner as an active domestic corporation: a corporation may be served through the Secretary of State if, after due diligence, process cannot be completed against a corporation's registered agent, any corporate officer, or any person listed on the corporation's latest annual report, process may be served on the Secretary of State as the corporation's agent. Fla. Stat. §§ 48.101; 48.081(4); 48.161.

The only individual—other than the registered agent—listed in MK Affiliates Inc.'s Articles of Organization is Muhammad Usman Khan, the same individual listed in VTLogodesign Inc.'s corporate records. Amazon tried and failed to serve Mr. Khan, as outlined above.

For that reason, on December 19, 2023, Amazon served MK Affiliates, Inc. with the Complaint; Demand for Jury Trial; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order for Magistrate Judge Donna M. Ryu; Consent or Declination to Magistrate Judge Jurisdiction (blank); and Notice of Electronic Filing - Notice of Assignment of Case via substitute service on the Florida Secretary of State. Dkt. No. 33; *see also* Goodell Decl. ¶ 14, Ex. F.

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), MK Affiliates, Inc. was required to serve a responsive pleading by January 9, 2024. Dkt. No. 33. To date, however, MK Affiliates, Inc. has not served any responsive pleading, requested additional time to serve a responsive pleading, or otherwise appeared to defend itself against Amazon's allegations in this action. There is no indication that MK Affiliates, Inc. intends to participate in this lawsuit.

Accordingly, Amazon requests that the Clerk enter default against MK Affiliates, Inc.

3. <u>ALI ALAM</u>

On November 15, 2023, Amazon served individual Defendant Ali Alam with the Complaint; Demand for Jury Trial; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order for Magistrate Judge Donna M. Ryu; Consent or Declination to Magistrate Judge Jurisdiction (blank); and Notice of Electronic Filing - Notice of Assignment of Case. Goodell Ex. ¶ 16, Ex. G; Dkt. No. 26 at 1. Amazon served Mr. Alam via personal service. *Id*.

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Mr. Alam was required to serve a responsive pleading by December 6, 2023. Dkt. No. 26. To date, however, Mr. Alam has not served any responsive pleading, requested additional time to serve a responsive pleading, or otherwise appeared to defend himself against Amazon's allegations in this action. There is no indication that Mr. Alam intends to participate in this lawsuit.

Accordingly, Amazon requests that the Clerk enter default against Ali Alam.

### 4. DYNAMIC DIGITAL SOLUTIONS LLC

On November 15, 2023, Amazon served Defendant Dynamic Digital Solutions LLC with the Complaint; Demand for Jury Trial; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order for Magistrate Judge Donna M. Ryu; Consent or Declination to Magistrate Judge Jurisdiction (blank); and Notice of Electronic Filing - Notice of Assignment of Case. Dkt. No. 26 at 2. Amazon served Dynamic Digital Solutions LLC via personal service on its registered agent, Ali Alam. Dkt. No. 26 at 2; *see also* Goodell Decl. ¶¶ 18-19, Exs. G, H.

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Dynamic Digital Solutions LLC was required to serve a responsive pleading by December 6, 2023. Dkt. No. 26. To date, however, Dynamic Digital Solutions LLC has not served any responsive pleading, requested additional time to serve a responsive pleading, or otherwise appeared to defend itself against Amazon's allegations in this action. There is no indication that Dynamic Digital Solutions LLC intends to participate in this lawsuit.

Accordingly, Amazon requests that the Clerk enter default against Dynamic Digital Solutions LLC.

### 5. MEHWASH MUNIR

On November 18, 2023, Amazon served individual Defendant Mehwash Munir with the Complaint; Demand for Jury Trial; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order for Magistrate Judge Donna M. Ryu; Consent or Declination to Magistrate Judge Jurisdiction (blank); and Notice of Electronic Filing - Notice of Assignment of Case. Dkt. No. 31. Amazon served Ms. Munir via personal service. Dkt. No. 31 at 1; *see also* Goodell Decl. ¶ 21, Ex. I.

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Ms. Munir was required to serve a responsive pleading by December 11, 2023.  Dkt. No. 31.  To date, however, Ms. Munir has not served any responsive pleading, requested additional time to serve a responsive pleading, or otherwise appeared to defend himself against Amazon's allegations in this action.  There is no indication that Ms. Munir intends to participate in this lawsuit.

Accordingly, Amazon requests that the Clerk enter default against Mehwash Munir.

### 6. ONE STOP COMPUTER SERVICES LLC

On November 15, 2023, Amazon served Defendant One Stop Computer Services LLC with the Complaint; Demand for Jury Trial; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order for Magistrate Judge Donna M. Ryu; Consent or Declination to Magistrate Judge Jurisdiction (blank); and Notice of Electronic Filing - Notice of Assignment of Case.  Goodell Decl. ¶ 24, Ex. G at 3; Dkt. No. 26 at 3.  Amazon served One Stop Computer Services LLC via personal service on its registered agent, Mehwash Munir.  Dkt. No. 26 at 3; *see also* Goodell Decl. ¶ 22, Exs. J, K.

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), One Stop Computer Services LLC was required to serve a responsive pleading by December 6, 2023.  Dkt. No. 26.  To date, however, One Stop Computer Services LLC has not served any responsive pleading, requested additional time to serve a responsive pleading, or otherwise appeared to defend itself against Amazon's allegations in this action.  There is no indication that One Stop Computer Services LLC intends to participate in this lawsuit.

Accordingly, Amazon requests that the Clerk enter default against One Stop Computer Services LLC.

### 7. MUHAMMAD ZUBAIR KHAN

On November 14, 2023, Amazon served individual Defendant Muhammad Zubair Khan with the Complaint; Demand for Jury Trial; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order for Magistrate Judge Donna M. Ryu; Consent or Declination to Magistrate Judge Jurisdiction (blank); and Notice of Electronic Filing - Notice of Assignment

of Case.  Dkt. No. 25.  Amazon served Mr. Khan via personal service.  Dkt. No. 25 at 1; *see also* Goodell Decl. ¶ 26, Ex. L at 1.

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Mr. Khan was required to serve a responsive pleading by December 5, 2023.  Dkt. No. 25.  To date, however, Mr. Khan has not served any responsive pleading, requested additional time to serve a responsive pleading, or otherwise appeared to defend himself against Amazon's allegations in this action.  There is no indication that Mr. Khan intends to participate in this lawsuit.

Accordingly, Amazon requests that the Clerk enter default against Muhammad Zubair Khan.

8. **TECHTURE INC.**

On November 14, 2023, Amazon served Defendant Techture Inc. with the Complaint; Demand for Jury Trial; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order for Magistrate Judge Donna M. Ryu; Consent or Declination to Magistrate Judge Jurisdiction (blank); and Notice of Electronic Filing - Notice of Assignment of Case.  Dkt. No. 25. Amazon served Techture Inc. via personal service on its registered agent, Muhammad Khan. Dkt. No. 25 at 2; *see also* Goodell Decl. ¶¶ 28-29, Exs. M at 1, L at 2.

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Techture Inc. was required to serve a responsive pleading by December 5, 2023.  Dkt. No. 25.  To date, however, Techture Inc. has not served any responsive pleading, requested additional time to serve a responsive pleading, or otherwise appeared to defend itself against Amazon's allegations in this action.  There is no indication that Techture Inc. intends to participate in this lawsuit.

Accordingly, Amazon requests that the Clerk enter default against Techture Inc.

9. **MUHAMMAD MUDASSAR ANWAR**

On November 27, 2023, Amazon served individual Defendant Muhammad Mudassar Anwar with the Complaint; Demand for Jury Trial; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order for Magistrate Judge Donna M. Ryu; Consent or Declination to Magistrate Judge Jurisdiction (blank); and Notice of Electronic Filing - Notice of

Assignment of Case. Dkt. No. 27 at 1. Amazon served Mr. Anwar via personal service. *Id.*; *see also* Goodell Decl. ¶ 31, Ex. N at 1.

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Mr. Anwar was required to serve a responsive pleading by December 18, 2023. Dkt. No. 27. To date, however, Mr. Anwar has not served any responsive pleading, requested additional time to serve a responsive pleading, or otherwise appeared to defend himself against Amazon's allegations in this action. There is no indication that Mr. Anwar intends to participate in this lawsuit.

Accordingly, Amazon requests that the Clerk enter default against Muhammad Mudassar Anwar.

10. TECH DRIVE PVT LLC

On November 27, 2023, Amazon served Defendant Tech Drive PVT LLC with the Complaint; Demand for Jury Trial; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order for Magistrate Judge Donna M. Ryu; Consent or Declination to Magistrate Judge Jurisdiction (blank); and Notice of Electronic Filing - Notice of Assignment of Case. Dkt. No. 27. Tech Drive PVT LLC is a New York limited liability company. Goodell Decl. ¶ 33, Ex. O. New York law requires all companies registered in the state to designate the Secretary of State as an agent for service of process and to provide a mailing address where the corporation can be served by the Secretary of State. N.Y. Bus. Corp. L. § 304. New York law also allows for personal service on limited liability corporations by service on any member of the limited liability company in the state, if management is vested in its members; any manager of the limited liability company in the state, if the management is vested in one or more managers; to any other agent authorized by appointment to receive process; or to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons if such person was a defendant. N.Y. C.P.L.R. § 311(a). Muhammad Mudassar Anwar is both the individual listed to receive service of process by mail from the Secretary of State and the organizer who executed Tech Drive PVT LLC's Articles of Organization forming the company. Ex. O. No other members or managers or persons are listed in Tech Drive PVT LLC's Articles of Organization, its sole filing with the New York Secretary of State. *Id.* Amazon served

Tech Drive PVT LLC via personal service on Anwar at the address designated in Tech Drive PVT's Articles of Organization. Dkt. No. 27; *see also* Goodell Decl. ¶ 35, Ex. N at 2.

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Tech Drive PVT LLC was required to serve a responsive pleading by December 18, 2023. Dkt. No. 27. To date, however, Tech Drive PVT LLC has not served any responsive pleading, requested additional time to serve a responsive pleading, or otherwise appeared to defend itself against Amazon's allegations in this action. There is no indication that Tech Drive PVT LLC intends to participate in this lawsuit.

Accordingly, Amazon requests that the Clerk enter default against Tech Drive PVT LLC.

### 11. ASHHAR RAWOOF

On November 27, 2023, Amazon served individual Defendant Ashhar Rawoof with the Complaint; Demand for Jury Trial; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order for Magistrate Judge Donna M. Ryu; Consent or Declination to Magistrate Judge Jurisdiction (blank); and Notice of Electronic Filing - Notice of Assignment of Case. Dkt. No. 27 at 3. Amazon served Mr. Rawoof via personal service. Dkt. No. 27; *see also* Goodell Decl. ¶ 37, Ex. N at 3.

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Mr. Rawoof was required to serve a responsive pleading by December 18, 2023. Dkt. No. 27. To date, however, Mr. Rawoof has not served any responsive pleading, requested additional time to serve a responsive pleading, or otherwise appeared to defend himself against Amazon's allegations in this action. There is no indication that Mr. Rawoof intends to participate in this lawsuit.

Accordingly, Amazon requests that the Clerk enter default against Ashhar Rawoof.

### 12. SMART STARTUP SOLUTIONS, LLC

On November 20, 2023, Amazon served Defendant Smart Startup Solutions, LLC with the Complaint; Demand for Jury Trial; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order for Magistrate Judge Donna M. Ryu; Consent or Declination to Magistrate Judge Jurisdiction (blank); and Notice of Electronic Filing - Notice of Assignment of Case. Dkt. No. 29. Amazon served Smart Startup Solutions, LLC via personal service on its registered agent. Dkt. No. 29 at 1; *see also* Goodell Decl. ¶ 40, Exs. P, Q at 1.

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Smart Startup Solutions, LLC was required to serve a responsive pleading by December 11, 2023.  Dkt. No. 29.  To date, however, Smart Startup Solutions, LLC has not served any responsive pleading, requested additional time to serve a responsive pleading, or otherwise appeared to defend itself against Amazon's allegations in this action.  There is no indication that Smart Solutions LLC intends to participate in this lawsuit.

Accordingly, Amazon requests that the Clerk enter default against Smart Solutions, LLC.

For the reasons set forth above and based upon the accompanying Declaration of Emily Goodell and the accompanying exhibits, Amazon requests that the Clerk enter default against Defendants VTLOGODESIGN, INC.; MK AFFILIATES, INC.; ALI ALAM; DYNAMIC DIGITAL SOLUTIONS LLC; MEHWASH MUNIR; ONE STOP COMPUTER SERVICES LLC; MUHAMMAD ZUBAIR KHAN; TECHTURE INC.; MUHAMMAD MUDASSAR ANWAR; TECH DRIVE PVT LLC; ASHHAR RAWOOF; and SMART STARTUP SOLUTIONS, LLC.

DATED: January 25, 2024

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/Emily Goodell*
Bonnie MacNaughton
John D. Freed
Emily Goodell
Jean M. Fundakowski

Attorneys for Plaintiffs
AMAZON.COM, INC.
AMAZON TECHNOLOGIES, INC.