| | |
|---|---|
| 1 | Bonnie MacNaughton (CA State Bar No. 107402) |
| 2 | Emily Goodell (*pro hac vice*) |
|   | DAVIS WRIGHT TREMAINE LLP |
| 3 | 920 Fifth Avenue, Suite 3300 |
|   | Seattle, WA 98104 |
| 4 | Telephone:   (206) 622-3150 |
|   | Facsimile:   (206) 757-7700 |
| 5 | Email:   bonniemacnaughton@dwt.com |
| 6 |          emilygoodell@dwt.com |
| 7 | John D. Freed (CA State Bar No. 261518) |
|   | Jean M. Fundakowski (CA State Bar No. 328796) |
| 8 | DAVIS WRIGHT TREMAINE LLP |
|   | 50 California Street, Floor 23 |
| 9 | San Francisco, CA 94111 |
|   | Telephone:   (415) 276-6500 |
| 10 | Facsimile:   (415) 276-6599 |
| 11 | Email:   jakefreed@dwt.com |
|   |          jeanfundakowski@dwt.com |
| 12 | |
| 13 | Attorneys for Plaintiff |
|   | AMAZON.COM, INC. |
| 14 | AMAZON TECHNOLOGIES, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation, and AMAZON TECHNOLOGIES, INC., a Nevada corporation, | Case No. 3:23-cv-05580-TLT |
| Plaintiffs, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | |
| UMER WASIM, et al., | |
| Defendants. | |

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
Case No. 23-cv-05580-TLT

Plaintiffs Amazon.com, Inc. and Amazon Technologies, Inc. (together, "Amazon") and Defendants Umer Wasim and Teknobyl Digital LLC (together, "Wasim Parties") jointly submit this Joint Case Management Report and Proposed Case Management Order pursuant to Federal Rule of Civil Procedures 26(f), the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9.

**1. JURISDICTION AND SERVICE**

The Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (jurisdiction over trademark), and 15 U.S.C. § 1121(a) because this action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*

Amazon completed service on all Defendants except Muhammad Usman Khan, Yasir Agar, Mavia Nizam, and Muhammad Shiraz Qureshi. Service on all individuals and entities except those four Defendants occurred between November 15, 2023 and December 19, 2023.

The unserved Defendants are believed to reside outside of the United States, in Pakistan. Amazon has initiated service of three of those foreign Defendants, for which we believe we have identified an address, under the Hague Convention, but has also asked the Court to allow alternative service of all four of the unserved Defendants by email. *See* Dkt. 16. Amazon's motion for alternative service remains pending.

The Wasim Parties are the only Defendants to have appeared in this case to-date.

**2. FACTS**

**A.    Amazon's Statement:**

Defendants run an international scam operation that deceives authors into paying for fraudulent and materially substandard services under the guise that they are affiliated with Amazon by using logos that are confusingly similar or nearly identical to Amazon's distinctive trademarks. While Amazon has already taken swift action to shut down many of Defendants' websites, Defendants—at least ten individuals and eight entities—continue to register new domains in order to continue the scam. Through this lawsuit, Amazon aims to stop Defendants' scheme and hold them accountable for their unlawful activity.

Amazon provides popular services that allow millions of authors to pursue lucrative careers in writing. Amazon's Kindle Direct Publishing ("KDP") was launched in 2007 to empower writers and diversify publishing. Through its self-publication tools, KDP has enabled millions of publishers and authors to reach new global audiences for their creative works in digital and print formats, while earning royalties of up to 70% of the list price on their titles and retaining the rights to their work. Amazon Publishing ("APub"), on the other hand, is Amazon's in-house trade publisher of fiction, nonfiction, and children's books. APub publishes emerging, bestselling, and critically-acclaimed authors in digital, print, and audio formats.

Defendants are a ring of individuals and entities, based in the United States and Pakistan, who operate a scam that preys on authors and induces them to purchase fraudulent services. Defendants recruit victims through websites that make extensive use of Amazon's trademarks. Not only do Defendants' websites confuse authors as to the websites' affiliation, Defendants misrepresent their affiliation with Amazon, KDP, and APub, including by sending authors documents containing forged signatures of Amazon executives. Authors, believing they are working with Amazon, pay Defendants substantial sums of money, often thousands of dollars, for grossly inadequate or non-existent services. Although some defrauded authors manage to obtain refunds from Defendants, many do not. Defendants' conduct is egregious and purposeful. Defendants have caused significant harm to the author and publisher community, as well as to Amazon's reputation and the goodwill it has developed with this community.

Amazon's Complaint in this action details twenty-six websites through which various combinations of Defendants infringed Amazon's trademarks and defrauded authors. *See* Compl. ¶¶ 37-121. The Complaint also details facts obtained from at least twelve of Defendants' victims, each of whom were defrauded out of money by Defendants' representations.

    **B.**  **Wasim Parties' Statement:**

Defendants Umer Wasim and Teknobyl Digital, LLC deny all allegations by Amazon, including, but not limited to, that Wasim Parties are part of a "ring." To the extent that Amazon will seek to enforce judgment against all defendants, none of which have yet appeared in this

matter except for Wasim Parties, Wasim Parties assert that they are not jointly and severally liable and cannot be held to answer for any conduct or damages resulting from the activity of other third-party defendants.

3.  **LEGAL ISSUES**

    A.   **Amazon's Statement:**

    Amazon intends to hold all Defendants liable for multiple Lanham Act violations, including trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), trademark dilution under 15 U.S.C. § 1125(c), and cybersquatting under 15 U.S.C. § 1125(d). Legal issues will include whether Defendants' conduct meets the standard for each claim, whether Defendants have any defense to liability, and the nature of the relief to which Amazon will be entitled as to each Defendant.

    B.   **Wasim Parties' Statement:**

    Legal issues include the extent of which Amazon was actually damaged—if at all—by any of the alleged conduct by Wasim Parties, who are not jointly and severally liable for conduct of unrelated third-party defendants improperly joined in this case. The Wasim Parties will file a motion under Fed. R. Civ. P. 21 to sever the case from unrelated third-party defendants.

4.  **MOTIONS**

    A.   **Amazon's Statement:**

    Amazon has filed a Motion for Alternative Service. Dkt. 16. That Motion remains pending.

    Amazon has requested entry of default against all Defendants except for (a) the Wasim Parties and (b) the four Pakistan-based Defendants that Amazon has not yet served. *See* Dkt. 46. The Clerk has yet to enter default against the twelve served but non-participating Defendants. Amazon has entered a stipulation to extend the Wasim Parties' deadline to respond to the Complaint until February 16, 2024 in order to facilitate settlement discussions. Dkt. 48.

    Amazon expects to bring one or more motions for default judgment against any defaulting Defendants. To the extent the case is actively litigated against any Defendant, Amazon expects to

3

bring a motion for summary judgment as to that Defendant.  Amazon otherwise reserves the right to bring any appropriate motion as this case progresses.

### B.   Wasim Parties' Statement:

The Wasim Parties will file a motion under Fed. R. Civ. P. 21 to sever the case from improperly joined unrelated third-party defendants.

## 5.   AMENDMENT OF PLEADINGS

Amazon anticipates amending its Complaint to identify Doe Defendants after conducting discovery.

## 6.   EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have met and conferred regarding reasonable and proportionate steps to take to preserve evidence that may become relevant. The parties have complied with the evidence preservation requirements set by the Court.  Neither party is aware of any problem or issue in this regard.

## 7.   DISCLOSURES

Amazon and the Wasim Parties agree to exchange initial disclosures under Rule 26(a)(1) within fourteen (14) days of the Wasim Parties filing an answer to Amazon's Complaint.  Amazon and the Wasim Parties are currently in settlement discussions, which may obviate the need for an Answer and formal discovery efforts.

## 8.   DISCOVERY

The parties agree to delay formal discovery (between Amazon and the Wasim Parties only) until after the Wasim Defendants answer the Complaint, to allow space for Amazon and the Wasim Parties to conduct settlement discussions before incurring the expenses of discovery. Because no other Defendants have appeared, the parties believe it is premature to set an overall discovery schedule for this case.  Amazon intends to pursue third-party discovery while settlement discussions continue with the Wasim Parties.

The parties otherwise state:

     a)   There are no known issues regarding disclosure or discovery of electronically stored information.

     b)   There are no known issues about claims of privilege or of protection of trial-preparation materials.

     c)   No changes should be made to the limitations on discovery imposed by Fed. R. Civ. P. 26 or the Court's Local Rules.

     d)   If active discovery goes forward between Amazon and the Wasim Parties, the parties anticipate seeking a Joint Protective Order under Rule 26(c) to protect the confidentiality of information exchanged during discovery.

**9. CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

None.

**11. RELIEF**

    **A.**     **Amazon's Statement:**

Amazon seeks all remedies available to it under the Lanham Act, including but not limited to statutory damages, actual damages, disgorgement, injunctive relief, costs and attorney fees, and an order transferring Defendants' infringing domains to Amazon.

    **B.**     **Wasim Parties' Statement:**

No relief is sought at this time.

**12. SETTLEMENT AND ADR**

    **A.**     **Amazon's Statement**

Amazon does not believe formal ADR is appropriate at this time. Amazon is currently engaging in informal settlement discussions with the Wasim Parties. Because no other Defendants have appeared in this case, there are no other possibilities for ADR at this time.

**B.     Wasim Parties' Statement**

Wasim Parties are currently engaged in settlement discussions with Amazon, including limited document production to facilitate settlement. Wasim Parties will pursue formal ADR if informal settlement discussions are unsuccessful.

### 13.  OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 14.  NARROWING ISSUES

No issues are recognized as being appropriate for narrowing at this time.

### 15.  SCHEDULING

Due to the facts that (a) the majority of the Defendants in this case have defaulted, (b) several Defendants have yet to be served (with an alternative-service motion as to those Defendants still pending), and (c) Amazon and the Wasim Parties are attempting to reach an informal settlement, the parties submit that it is premature to set an overall case schedule. The parties propose that the Court set a continued CMC in approximately 120 days. By that time, the parties will be in a better position to determine whether any active litigation is likely to occur as to any Defendant. Amazon otherwise expects to seek a default judgment as to all non-participating Defendants, which is likely to resolve the majority of this case. Amazon will bring default judgment motions as soon as practicable, although it notes that it may first pursue third-party discovery to gather additional evidence to submit with those motions.

### 16.  TRIAL

Amazon requests a jury trial. The length of trial depends on the extent to which the various Defendants appear and defend the case.

### 17.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Amazon filed its Certification of Interested Entities or Person under Civil Local Rule 3-15 on October 30, 2023.  Dkt. 2.

**18. PROFESSIONAL CONDUCT**

The attorneys of record for all appearing parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. OTHER**

Nothing known.

DATED: February 9, 2024

DAVIS WRIGHT TREMAINE LLP

By: /s/ John D. Freed
   John D. Freed

Attorneys for Plaintiffs
AMAZON.COM, INC.
AMAZON TECHNOLOGIES, INC.

MILORD LAW GROUP, PC

By: /s/ Milord Keshishian
   Milord Keshishian

Attorneys for Defendants
UMER WASIM
TEKNOBYL DIGITAL LLC

## CERTIFICATION OF CONCURRENCE

Pursuant to L.R. 5-1, I hereby attest that Milord Keshishian, attorney for Defendants Umer Wasim and Teknobyl Digital LLC, has provided his concurrence in the electronic filing of the foregoing document entitled JOINT CASE MANAGEMENT CONFERENCE STATEMENT.

                                                 */s/ John D. Freed*
                                                   John D. Freed

.