UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON.COM INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UMER WASIM, et al.,<br><br>    Defendants. | Case No. 23-cv-05580-TLT<br><br>**ORDER**<br><br>RE: ECF 16 |

Having reviewed the Complaint and papers filed in connection with and relevant to ECF Nos. 16, 16-1, and 16-2, the Court ORDERS as follows:

Plaintiffs' request to serve **Muhammad Usman Khan** by alternative service, that is by electronic mail, is **DENIED without prejudice**. It is not clear from the Declaration of Emily Goodell (ECF No. 16-1) filed in support of Plaintiffs' request to approve alternative service that service as to Muhammad Usman Khan was attempted to be made, and by what means, to the address listed in the Summons issued (ECF No. 12), which is 1221 W 3rd Street, Apt. 502, Los Angeles, California 90017. *See* ECF No. 16, at 2:9-17; ECF No. 16-1, at 9-11 (showing service attempted as to Muhammad Usman Khan at a United States address, in Florida, provided for him on the relevant Articles of Incorporation). Plaintiffs are therefore required to file a declaration listing each address and the manner of service attempted as to each specific address, including the address listed on the summons, in compliance with Fed. R. Civ. P. 4(f)(3) and Civ. L. R. 7-5(b). The declaration should be filed within 14 days of the receipt of this order.

Plaintiffs' request to serve **Yasir Agar** and **Muhammad Shiraz Quereshi** by alternative service, that is by electronic mail, is **DENIED without prejudice**. It is not clear from the Declaration filed in support of Plaintiffs' request to approve alternative service which addresses

(in Pakistan or otherwise) service was attempted to be made and what the manner of service was for each address. ECF No. 16-1. Accordingly, Plaintiffs are required to include in a declaration listing the specific addresses at which service was attempted to be made as to both Yasir Agar and Muhammad Shiraz Quereshi, and the different means of service attempted (*i.e.* by personal service, mail, etc.) for each of those addresses in compliance with Fed. R. Civ. P. 4(f)(3), Civ. L. R. 7-5(b). The declaration should be filed within 14 days of the receipt of this order.

Plaintiffs' request to serve **Mavia Nizam**, by alternative service, that is by electronic mail, is **DENIED without prejudice**. It is not clear from the Declaration filed in support of Plaintiffs' request whether any other service was attempted to be made as to Mavia Nizam by any other means (besides email) or at any alternative addresses (besides the one address that the investigator could not locate). *See* ECF No. 16, Paras. 7 and 28. Plaintiffs are therefore required to include in a declaration all the specific addresses at which service was attempted to be made and the different means of service attempted (*i.e.* by personal service, mail, etc.) for each of those addresses in compliance with Fed. R. Civ. P. 4(f)(3), Civ. L. R. 7-5(b). The declaration should be filed within 14 days of the receipt of this order.

Plaintiffs are further required to include in their declaration an update on the service attempts referenced in ECF No. 16-1, Paras. 8 and 9, and facts relating to Pakistan's service requirements with respect to the documents being served, and how those requirements were met. This Order resolves ECF No. 16.

**IT IS SO ORDERED.**

Dated: February 12, 2024

TRINA L. THOMPSON
United States District Judge