1  Bonnie MacNaughton (CA State Bar No. 107402)
   Emily Goodell (*pro hac vice*)
2  DAVIS WRIGHT TREMAINE LLP
   920 Fifth Avenue, Suite 3300
3  Seattle, WA 98104
   Telephone:   (206) 622-3150
4  Facsimile:   (206) 757-7700
   Email:       bonniemacnaughton@dwt.com
5               emilygoodell@dwt.com

6  John D. Freed (CA State Bar No. 261518)
   Jean M. Fundakowski (CA State Bar No. 328796)
7  DAVIS WRIGHT TREMAINE LLP
   50 California Avenue, 23rd Floor
8  San Francisco, CA 94111-6533
   Telephone:   (415) 276-6500
9  Facsimile:   (415) 276-6599
   Email:       jakefreed@dwt.com
10              jeanfundakowski@dwt.com

11 Attorneys for Plaintiffs
   AMAZON.COM, INC. and
12 AMAZON TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation, and AMAZON TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UMER WASIM, et al., <br><br> Defendants. | Case No. 3:23-cv-05580-TLT <br><br> **PLAINTIFFS AMAZON.COM, INC. AND AMAZON TECHNOLOGIES, INC.'S STATUS REPORT ON IDENTIFICATION OF DOE DEFENDANTS** <br><br><br> Case Filed: October 30, 2023 <br> Judge: Trina L. Thompson |

Plaintiffs AMAZON.COM, INC. and AMAZON TECHNOLOGIES, INC. (collectively, "Amazon") by and through their undersigned counsel, hereby submit this Status Report concerning their progress identifying Doe Defendants 1-11, pursuant to the Court's February 15, 2024 Case Management and Scheduling Order ("CMO," Dkt. No. 55).

The CMO sets June 4, 2024 as the deadline for Amazon to identify and serve Doe Defendants with an Amended Complaint, file proofs of service, and file an Amended Complaint. CMO ¶ 9. It further directs Amazon to file a status report by April 4, 2024 to update the Court on its progress identifying and serving Doe Defendants.

This action concerns allegations that eighteen defendants—ten individuals and eight business entities—based in the United States and Pakistan, together with Doe Defendants, operated a network of at least 26 websites in which they falsely purported to be Amazon or Amazon-affiliated providers of e-publishing and marketing services. Dkt No. 1, Compl. ¶¶ 1-23. Specifically, Defendants misappropriated Amazon's trademarks to deceive aspiring authors who trust the Amazon brand. *Id.* ¶¶ 37-121. Pretending to be part of Amazon, Defendants and Doe Defendants collected tens of thousands of dollars from victims in exchange for shoddy service, or no service at all. *Id.* ¶¶ 46, 62, 75. The 26 websites used overlapping service providers, IP addresses, graphics and design elements, billing names, and physical addresses, indicating close coordination. *Id.* ¶ 39. To date, only two Defendants, Umer Wasim and Teknobyl Digital LLC, have appeared in the case.[1] The Clerk has entered default against twelve Defendants, and Amazon will request that the Clerk enter default against four additional Defendants who were served on March 8, 2024 by alternative service with the Court's approval and have failed to appear or file a responsive pleading. Dkt Nos. 52, 57, 59. Doe Defendants represent unknown individuals or entities who conducted business as Web Design Stop, TMAZ Services Digital, and Atlas Technologies and registered and/or operated 8 of the 26 infringing websites. Compl. ¶ 24.

---

[1] Amazon is conducting settlement discussions with Mr. Wasim and Teknobyl, so any communications or information provided are protected by the settlement privilege and cannot be used to help identify Doe Defendants, unless an agreement is reached.

Based on new victim reports and the discovery of new websites connected to the 26 websites alleged in the Complaint or the named Defendants, Amazon believes the scheme underlying the infringing websites is <u>ongoing</u>.  Amazon is conducting extensive third-party discovery to unmask Doe Defendants and to investigate these new websites and businesses in order to stop the perpetrators of the scheme from continuing to misuse Amazon's trademarks to defraud additional victims.  Due to the international nature of this scheme, the number of infringing websites, the limited public information available on the entities operating the websites, and the Doe Defendants' considerable efforts to mask their identities and evade service of process,[2] Amazon needs additional time beyond the current June 4, 2024 deadline to complete ongoing third-party discovery to identify and then serve Doe Defendants; identify any new or additional businesses and websites that are part of the scheme; and prepare an Amended Complaint.

Amazon is making every effort to identify Doe Defendants and the scheme's old and new businesses and networks as quickly as possible.  Since the Case Management Conference on February 15, 2024, Amazon has issued 15 third-party subpoenas to various financial institutions and service providers that, based on information and belief from Amazon's investigation and victim reports, likely have information about the owners and/or operators of the infringing websites that may lead to the identification of Doe Defendants and additional businesses and websites involved in the scheme.  The service providers whom Amazon has subpoenaed provided invoicing, phone, email, advertising, and customer-service support to defendants operating the 26 infringing websites in the Complaint and additional businesses and websites involved in the scheme.  The financial institutions include banks or credit card companies who processed victims' payments to the scammers operating the websites, and who thus may have information identifying the individuals or entities who are ultimately profiting from and surreptitiously directing their operations.  Amazon has asked each of the third-party subpoena recipients to produce records within 30 days, but anticipates that additional time may be required where the requests are extensive because the

---

[2] For example, Websites 1-26 used fake physical business addresses in Northern California. Amazon learned that one Defendant, MK Affiliates, Inc., had designated a fake agent for service of process when it attempted to serve the agent whose name MK Affiliates, Inc. had provided to the State of Florida in order to conduct business in that state.  Dkt. No. 45, ¶¶ 11-12.

recipient possesses voluminous records related to multiple Defendants or Doe Defendants. Furthermore, Amazon will need time once it receives the responses to review the produced records to identify potential Doe Defendants and additional websites and businesses that are part of the scheme; assess whether the strength of the evidence received merits amending the Complaint to name additional Defendants; draft an Amended Complaint; serve those individuals or entities with a copy of the proposed Amended Complaint; and file the Amended Complaint with the Court. Based on Amazon's well-documented experience attempting to serve the fourteen named Defendants in this case, *see* Dkt. No. 46, Amazon anticipates that some or many of the Doe Defendants it may seek to add to this lawsuit will be individuals based in Pakistan, necessitating service through the Hague Convention, or US-based entities that will be difficult to serve. These complications will likely slow the speed of service.

Amazon has no reason to believe that Defendants would be prejudiced if the Court extended its time to identify and serve Doe Defendants and file an Amended Complaint. Amazon is currently conducting settlement talks with the only two Defendants who have appeared, and the Clerk has entered default against twelve other Defendants. Meanwhile, adhering to the June 4, 2024 deadline would prejudice Amazon by depriving it of adequate time to conduct a fulsome investigation through necessary third-party discovery to identify Doe Defendants. If the Doe Defendants are not unmasked and added to this lawsuit, they will leverage their anonymity to repeat the scheme using new websites and businesses, presenting an ongoing material risk to consumers.

Given these considerations, Amazon respectfully requests that the Court issue a revised CMO extending Amazon's deadline to identify and serve Doe Defendants to September 2, 2024, and direct Amazon to submit a status report by August 1, 2024 detailing the status of its ongoing investigation into the identities of Doe Defendants and additional websites and businesses that are connected to this scheme.

AMAZON'S STATUS REPORT ON IDENTIFICATION OF DOE DEFENDANTS

DATED: April 3, 2024

DAVIS WRIGHT TREMAINE LLP

By: */s/Emily Goodell*
    Bonnie MacNaughton
    John D. Freed
    Emily Goodell
    Jean M. Fundakowski

Attorneys for Plaintiffs
AMAZON.COM, INC.
AMAZON TECHNOLOGIES, INC.