Bonnie MacNaughton (CA State Bar No. 107402)
Emily Goodell (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone:   (206) 622-3150
Facsimile:   (206) 757-7700
Email:       bonniemacnaughton@dwt.com
             emilygoodell@dwt.com

John D. Freed (CA State Bar No. 261518)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone:   (415) 276-6500
Facsimile:   (415) 276-6599
Email:       jakefreed@dwt.com

Attorneys for Plaintiff
AMAZON.COM, INC.
AMAZON TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation, and AMAZON TECHNOLOGIES, INC., a Nevada corporation,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UMER WASIM, et al.,<br><br>　　　　　　　Defendants. | Case No. 4:23-cv-05580-DMR<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

Plaintiffs Amazon.com, Inc. and Amazon Technologies, Inc. (together, "Amazon") and Defendants Umer Wasim and Teknobyl Digital LLC (together, "Wasim Parties") jointly submit this Joint Case Management Report and Proposed Case Management Order pursuant to Federal Rule of Civil Procedure 26(f), the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9.

**1. JURISDICTION AND SERVICE**

The court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (jurisdiction over trademark), and 15 U.S.C. § 1121(a) because this action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*

Amazon completed service on all Defendants except Muhammad Usman Khan, Yasir Agar, Mavia Nizam, and Muhammad Shiraz Qureshi between November 15, 2023 and December 19, 2023. With the Court's consent, *see* Dkt. 57, Order Granting Amazon's Motion for Alternative Service, Amazon served Usman Khan, Agar, Nizam, and Qureshi by email on March 8, 2024. Dkt. 61-1, Goodell Decl. ¶¶ 20, 38, 56, 71-72.

Although all parties have been served, the Wasim Parties are the only Defendants to have appeared in this case to-date. An attorney representing Defendant Muhammad Shiraz Qureshi has met and conferred with Amazon to discuss the case and explore settlement options, but has not entered a notice of appearance on behalf of her client or moved to set aside the default entered against him by the Clerk of Court on May 20, 2024. Dkt. 62. Amazon sent a follow-up email to Mr. Qureshi's counsel on June 3, 2024, and has not received any response. However, Amazon has held productive settlement discussions with the undersigned Wasim Parties and intends to transmit a proposed settlement agreement to the Wasim Parties for review next week.

As of today's date, the Clerk has entered Notices of Default against all Defendants other than the Wasim Parties, and ordered Amazon to file a Motion for Default no later than September 15, 2024, with a hearing on the Motion set for December 10, 2024. Dkt. 63. Amazon is currently preparing the Motion for Default Judgment per the Court's Order.

## 2. FACTS

### A. Amazon's Statement:

Defendants run an international scam operation that deceives authors into paying for fraudulent and materially substandard e-publishing services under the guise that they are affiliated with Amazon by using, among other things, logos that are confusingly similar or nearly identical to Amazon's distinctive trademarks, and domain names confusingly suggesting affiliation with Amazon.  While Amazon has already taken swift action to shut down many of Defendants' websites, Defendants—at least ten individuals and eight entities—continue to register new domains in order to continue the scam.  Through this lawsuit, Amazon aims to stop Defendants' scheme and hold them accountable for their unlawful activity.

Amazon provides popular services that allow millions of authors to pursue lucrative careers in writing. Amazon's Kindle Direct Publishing ("KDP") was launched in 2007 to empower writers and diversify publishing.  Through its self-publication tools, KDP has enabled millions of publishers and authors to reach new global audiences for their creative works in digital and print formats, while earning royalties of up to 70% of the list price on their titles and retaining the rights to their work. Amazon Publishing ("APub"), on the other hand, is Amazon's in-house trade publisher of fiction, nonfiction, and children's books. APub publishes emerging, bestselling, and critically-acclaimed authors in digital, print, and audio formats.

Defendants are a ring of individuals and entities, based in the United States and Pakistan, who operate a scam that preys on authors and induces them to purchase fraudulent services. Defendants recruit victims through websites that make extensive use of Amazon's trademarks. Not only do Defendants' websites confuse authors as to the websites' affiliation, Defendants misrepresent their affiliation with Amazon, KDP, and APub, including by sending authors documents containing forged signatures of Amazon executives.  Authors, believing they are working with Amazon, pay Defendants substantial sums of money, often thousands of dollars, for grossly inadequate or non-existent services.  Although some defrauded authors manage to obtain refunds from Defendants, many do not.  Defendants' conduct is egregious and purposeful.

Defendants have caused significant harm to the author and publisher community, as well as to Amazon's reputation and the goodwill it has developed with this community.

Amazon's Complaint in this Action details twenty-six websites through which various combinations of Defendants infringed Amazon's trademarks and defrauded authors. *See* Compl. ¶¶ 37-121. The Complaint also details facts obtained from at least twelve of Defendants' victims, each of whom were defrauded out of money by Defendants' representations.

### B. Wasim Parties' Statement:

Defendants Umer Wasim and Teknobyl Digital, LLC ("Wasim Parties") deny all allegations by Amazon, including, but not limited to, that Wasim Parties are part of a "ring." To the extent that Amazon will seek to enforce judgment against all defendants, none of which have yet appeared in this matter except for Wasim Parties, Wasim Parties assert that they are not jointly and severally liable and cannot be held to answer for any conduct or damages resulting from the activity of other third-party defendants.

### 3. LEGAL ISSUES

### A. Amazon's Statement:

Amazon intends to hold all Defendants liable for multiple Lanham Act violations, including trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), trademark dilution under 15 U.S.C. § 1125(c), and cybersquatting under 15 U.S.C. § 1125(d). Legal issues will include whether Defendants' conduct meets the standard for each claim, whether Defendants have any defense to liability, and the nature of the relief to which Amazon will be entitled as to each Defendant. Since no Defendants other than the Wasim Parties have appeared, these issues will be adjudicated through Amazon's forthcoming Motion for Default Judgment as to all parties except for the Wasim Parties, with whom Amazon has had productive settlement discussions.

### B. Wasim Parties' Statement:

Legal issues include the extent of which Amazon was actually damaged—if at all—by any of the alleged conduct by Wasim Parties, who are not jointly and severally liable for conduct of unrelated third-party defendants improperly joined in this case. The Wasim Parties will file a

motion under Fed. R. Civ. P. 21 to sever the case from unrelated third-party defendants should the parties be unable to reach a final settlement.

### 4. MOTIONS

#### A. Amazon's Statement:

The Clerk has entered Notice of Default for all Defendants except for the Wasim Parties. Dkt. 52, 62. Amazon anticipates it will reach a settlement and stipulate to the dismissal of the Wasim Parties in the coming weeks. Furthermore, Amazon will file its Motion for Default Judgment as to all remaining Defendants other than the Wasim Parties by the Court's September 15, 2024 deadline. *See* Dkt. 63. Due to the large number of Defendants and multiple measures of damages in Amazon's requested judgment, Amazon also anticipates it will need to make a further motion for the court for additional pages for its brief in support of the Motion.

#### B. Wasim Parties' Statement:

The Wasim Parties will file a motion under Fed. R. Civ. P. 21 to sever the case from improperly joined unrelated third-party defendants should the parties be unable to reach a final settlement.

### 5. AMENDMENT OF PLEADINGS

None.

### 6. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have met and conferred regarding reasonable and proportionate steps to take to preserve evidence that may become relevant. The parties have complied with the evidence preservation requirements set by the Court. Neither party is aware of any problem or issue in this regard.

### 7. DISCLOSURES

Wasim Defendants served Initial Disclosures on February 29, 2024. Amazon served Initial Disclosures on March 22, 2024.

**8. DISCOVERY**

The parties have delayed formal discovery (between Amazon and the Wasim Parties only) to focus on settlement discussions and informal document production. The parties are very near settlement, with Wasim Parties waiting on Amazon to transmit the final agreement. Because no other Defendants have appeared, the parties believe it is premature to set an overall discovery schedule for this case. Amazon has and intends to continue pursuing third-party discovery.

The parties otherwise state:

a) There are no known issues regarding disclosure or discovery of electronically stored information.

b) There are no known issues about claims of privilege or of protection of trial-preparation materials.

c) No changes should be made to the limitations on discovery imposed by Fed. R. Civ. P. 26 or the Court's Local Rules.

d) If active discovery goes forward between Amazon and the Wasim Parties, the parties anticipate seeking a Joint Protective Order under Rule 26(c) to protect the confidentiality of information exchanged during discovery.

**9. CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

None.

**11. RELIEF**

**A.     Amazon's Statement:**

Amazon will seek judgment against all Defendants except the Wasim Parties through its forthcoming Motion for Default Judgment. It will seek relief separately through the terms of a settlement agreement with the Wasim Parties. The remedies sought will include remedies available under the Lanham Act, including but not limited to statutory damages, disgorgement, injunctive relief, costs and attorney's fees, and an order transferring Defendants' infringing domains to Amazon.

B.     **Wasim Parties' Statement:**

No relief is sought at this time.

## 12. SETTLEMENT AND ADR

A.     **Amazon's Statement**

Amazon does not believe formal ADR is appropriate at this time.  Amazon is currently engaged in productive settlement discussions with the Wasim Parties, and intends to provide a proposed settlement agreement for the Wasim Parties' review next week.  Because no other Defendants have appeared in this case, there are no other possibilities for ADR at this time.

B.     **Wasim Parties' Statement**

Wasim Parties believe that the parties are very near settlement after engaging in months of settlement discussions with Amazon, including limited document production to facilitate settlement.  Wasim Parties will pursue formal ADR if informal settlement is unsuccessful.

## 13. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 14. NARROWING ISSUES

No issues are recognized as being appropriate for narrowing at this time.

## 15. SCHEDULING

Due to the fact that the majority of the Defendants in this case have defaulted, Amazon and the Wasim Parties are engaged in settlement discussions with Amazon, and the Court has already set a default judgment briefing schedule and hearing date, the parties submit that it is not necessary to set an overall case schedule.  The parties propose that the Court set a continued CMC for the same date as the default judgment hearing, if the Court deems a further CMC necessary.  Amazon otherwise expects its default judgment motion as to all non-participating Defendants is likely to resolve the majority of this case, except for any issues between Amazon and the Wasim Parties.

### 16. TRIAL

Amazon requests a jury trial. The length of trial depends on the extent to which the various Defendants appear and defend the case.

### 17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Amazon filed its Certification of Interested Entities or Person under Civil Local Rule 3-15 on October 30, 2023. Dkt. 2.

### 18. PROFESSIONAL CONDUCT

The attorneys of record for all appearing parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 19. OTHER

Nothing known.

DATED: August 8, 2024                     DAVIS WRIGHT TREMAINE LLP

By: */s/ John D. Freed*
       John D. Freed

Attorneys for Plaintiffs
AMAZON.COM, INC.
AMAZON TECHNOLOGIES, INC.

DATED: August 8, 2024                     MILORD LAW GROUP, PC

By: */s/ Milord Keshishian*
       Milord Keshishian

Attorneys for Defendants
UMER WASIM
TEKNOBYL DIGITAL LLC

**CERTIFICATION OF CONCURRENCE**

Pursuant to L.R. 5-1, I hereby attest that Milord Keshishian, attorney for Defendants Umer Wasim and Teknobyl Digital LLC, has provided his concurrence in the electronic filing of the foregoing document entitled JOINT CASE MANAGEMENT CONFERENCE STATEMENT.

/s/ John D. Freed
John D. Freed

.