Bonnie MacNaughton (CA State Bar No. 107402)
Emily Goodell (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone:   (206) 622-3150
Facsimile:    (206) 757-7700
Email:          bonniemacnaughton@dwt.com
                    emilygoodell@dwt.com

John D. Freed (CA State Bar No. 261518)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone:   (415) 276-6500
Facsimile:    (415) 276-6599
Email:          jakefreed@dwt.com

Attorneys for Plaintiff
AMAZON.COM, INC.
AMAZON TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation, and AMAZON TECHNOLOGIES, INC., a Nevada corporation,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UMER WASIM, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 3:23-cv-05580-TLT<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND REQUEST FOR CONTINUANCE**<br><br>Date:　　　December 12, 2024<br>Time:　　　2:00 pm<br>Location:　Videoconference |

Plaintiffs Amazon.com, Inc. and Amazon Technologies, Inc. (together, "Amazon") and Defendants Umer Wasim and Teknobyl Digital LLC (together, "Wasim Parties") jointly submit this Joint Case Management Report and Proposed Case Management Order pursuant to Federal Rule of Civil Procedure 26(f), the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9.

The Parties report that on December 3, 2024, they reached an agreement-in-principle on all material terms of a settlement of Amazon's claims against the Wasim Parties. The Parties anticipate concluding their settlement agreement before the Christmas holiday, with the case to be voluntarily dismissed with prejudice once the settlement is finalized. In light of these very recent developments, Amazon and the Wasim Parties jointly request that the Court continue the December 12, 2024 case management conference for at least 45 days from the date currently on calendar. In the event the Court wishes to proceed with the conference on December 12, the Parties submit the required information as follows:

**1. JURISDICTION AND SERVICE**

The court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (jurisdiction over trademark), and 15 U.S.C. § 1121(a) because this action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*

Amazon completed service on all Defendants except Muhammad Usman Khan, Yasir Agar, Mavia Nizam, and Muhammad Shiraz Qureshi between November 15, 2023 and December 19, 2023. With the Court's consent, *see* Dkt. 57, Order Granting Amazon's Motion for Alternative Service, Amazon served Usman Khan, Agar, Nizam, and Qureshi by email on March 8, 2024. Dkt. 61-1, Goodell Decl. ¶¶ 20, 38, 56, 71-72.

Although all parties were served, the Wasim Parties are the only Defendants to have appeared in this case to-date. The Clerk of Court entered Notices of Default against the remaining 16 Defendants on February 14, 2024, and May 20, 2024. Dkts. 52, 62. Per the Court's order, Amazon filed a Motion for Default Judgment against the Non-Wasim Defendants on September 13, 2024, *see* Dkt. 68, which was referred to Magistrate Judge Robert Illman and heard via Zoom

1  on November 19, 2024.  Dkt. 73.  The Court maintained its scheduled December 12, 2024 status
2  conference for Amazon and the Wasim Defendants.  Dkt. 74.

### 2.  FACTS

#### A.  Amazon's Statement:

Defendants run an international scam operation that deceives authors into paying for fraudulent and materially substandard e-publishing services under the guise that they are affiliated with Amazon by using, among other things, logos that are confusingly similar or nearly identical to Amazon's distinctive trademarks, and domain names confusingly suggesting affiliation with Amazon.  While Amazon has already taken swift action to shut down many of Defendants' websites, Defendants—at least ten individuals and eight entities—continue to register new domains in order to continue the scam.  Through this lawsuit, Amazon aims to stop Defendants' scheme and hold them accountable for their unlawful activity.

Amazon provides popular services that allow millions of authors to pursue lucrative careers in writing. Amazon's Kindle Direct Publishing ("KDP") was launched in 2007 to empower writers and diversify publishing.  Through its self-publication tools, KDP has enabled millions of publishers and authors to reach new global audiences for their creative works in digital and print formats, while earning royalties of up to 70% of the list price on their titles and retaining the rights to their work. Amazon Publishing ("APub"), on the other hand, is Amazon's in-house trade publisher of fiction, nonfiction, and children's books. APub publishes emerging, bestselling, and critically-acclaimed authors in digital, print, and audio formats.

Defendants are a ring of individuals and entities, based in the United States and Pakistan, who operate a scam that preys on authors and induces them to purchase fraudulent services. Defendants recruit victims through websites that make extensive use of Amazon's trademarks. Not only do Defendants' websites confuse authors as to the websites' affiliation, Defendants misrepresent their affiliation with Amazon, KDP, and APub, including by sending authors documents containing forged signatures of Amazon executives.  Authors, believing they are working with Amazon, pay Defendants substantial sums of money, often thousands of dollars, for grossly inadequate or non-existent services.  Although some defrauded authors manage to obtain

1  refunds from Defendants, many do not. Defendants' conduct is egregious and purposeful.
2  Defendants have caused significant harm to the author and publisher community, as well as to
3  Amazon's reputation and the goodwill it has developed with this community.

4  Amazon's Complaint in this Action details twenty-six websites through which various
5  combinations of Defendants infringed Amazon's trademarks and defrauded authors. *See* Compl.
6  ¶¶ 37-121. The Complaint also details facts obtained from at least twelve of Defendants' victims,
7  each of whom were defrauded out of money by Defendants' representations.

8  The Complaint alleges that the Wasim Parties registered and operated five websites—
9  amazonpublishingoffice.com; amazondirectpublisher.com; amazonkdppublishingpros.com;
10 amazonpublishingfirm.com; and amzprofs.com—to entrap victims into purchasing e-publishing
11 services through the unauthorized and deceptive use of Amazon's trademarks associated with its
12 APub and KDP businesses. Compl. ¶¶ 41-56. Amazon has since obtained victim accounts and
13 certain records through third-party discovery to corroborate these allegations. In order to preserve
14 its litigation rights, Amazon has also served written discovery on Mr. Wasim for financial records
15 and communications to prove its allegations against the Wasim Parties should no settlement be
16 reached in the these claims, whose response is due will before the close of fact discovery.

17         **B.     Wasim Parties' Statement:**

18 Defendants Umer Wasim and Teknobyl Digital, LLC ("Wasim Parties") deny all
19 allegations by Amazon, including, but not limited to, that Wasim Parties are part of a "ring." To
20 the extent that Amazon will seek to enforce judgment against all defendants, none of which have
21 yet appeared in this matter except for Wasim Parties, Wasim Parties assert that they are not jointly
22 and severally liable and cannot be held to answer for any conduct or damages resulting from the
23 activity of other third-party defendants.

24         **3.   LEGAL ISSUES**
25              **A.     Amazon's Statement:**
26  In the event the Parties are unable to conclude their settlement of Amazon's claims,
27 Amazon intends to hold the Wasim Parties liable for multiple Lanham Act violations, including
28 trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. §

1125(a), trademark dilution under 15 U.S.C. § 1125(c), and cybersquatting under 15 U.S.C. § 1125(d), as alleged in the Complaint.  Legal issues will include whether Defendants' conduct meets the standard for each claim, whether Defendants have any defense to liability, and the nature of the relief to which Amazon will be entitled as to each Defendant.

### B.     Wasim Parties' Statement:

Legal issues include the extent of which Amazon was actually damaged—if at all—by any of the alleged conduct by Wasim Parties, who are not jointly and severally liable for conduct of unrelated third-party defendants improperly joined in this case.  The Wasim Parties will file a motion under Fed. R. Civ. P. 21 to sever the case from unrelated third-party defendants should the parties be unable to reach a final settlement.

### 4.  MOTIONS

#### A.     Amazon's Statement:

There are no pending motions in this case concerning Amazon and the Wasim Parties. Amazon is awaiting a report and recommendation from the assigned Magistrate Judge on its Motion for Default Judgment (followed by the Court's ruling on the R&R).  This Motion does not concern the Wasim Parties, who are not in default.

#### B.     Wasim Parties' Statement:

[No motions are anticipated because settlement was reached and final versions of the settlement agreement should be executed shortly.]

### 5.  AMENDMENT OF PLEADINGS

None.

### 6.  EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have met and conferred regarding reasonable and proportionate steps to take to preserve evidence that may become relevant. The parties have complied with the evidence preservation requirements set by the Court.  Neither party is aware of any problem or issue in this regard.

### 7. DISCLOSURES

Wasim Defendants served Initial Disclosures on February 29, 2024.  Amazon served Initial Disclosures on March 22, 2024.

### 8. DISCOVERY

The parties have delayed formal discovery (between Amazon and the Wasim Parties only) to focus on settlement discussions and informal document production.  The parties reached an agreement in principle on settlement on December 3, 2024, and Amazon will transmit the final agreement for review and approval by the Wasim Parties imminently.  Once the settlement conditions are met, Amazon will file a joint stipulation of dismissal, as required under the proposed settlement agreement.

Amazon served written discovery and a deposition notice on the Wasim Parties on November 18, 2024 to preserve its ability to litigate in the event no settlement was reached, but neither party anticipates any further discovery given the settlement agreement reached on December 3, 2024.

### 9. CLASS ACTIONS

Not applicable.

### 10. RELATED CASES

None.

### 11. RELIEF

#### A.    Amazon's Statement:

Amazon has sought judgment against all Defendants except the Wasim Parties through its Motion for Default Judgment, but intends to settle all claims against the Wasim Parties through the settlement agreement in principle reached on December 3, 2024, which it anticipates will be executed and finalized.

#### B.    Wasim Parties' Statement:

No relief is sought at this time.

## 12. SETTLEMENT AND ADR

### A. Amazon's Statement

Amazon does not believe formal ADR is appropriate at this time.  The parties reached an agreement-in-principle on settlement on December 3, 2024, and Amazon will transmit the final agreement for review and approval by the Wasim Parties imminently.  Once the settlement conditions are met, Amazon will file a joint stipulation of dismissal, as required under the proposed settlement agreement.

### B. Wasim Parties' Statement

[No ADR is anticipated because settlement was reached and final versions of the settlement agreement should be executed shortly.]

## 13. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 14. NARROWING ISSUES

No issues are recognized as being appropriate for narrowing at this time.

## 15. SCHEDULING

Due to the settlement agreement reached on December 3, 2024, the Parties jointly propose that the Court cancel or set a continued CMC, if the Court deems a further CMC necessary.

## 16. TRIAL

Amazon requests a jury trial.  The length of trial depends on the extent to which the various Defendants appear and defend the case.

## 17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Amazon filed its Certification of Interested Entities or Person under Civil Local Rule 3-15 on October 30, 2023.  Dkt. 2.

## 18. PROFESSIONAL CONDUCT

The attorneys of record for all appearing parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. OTHER**

Nothing known.

DATED: December 5, 2024

DAVIS WRIGHT TREMAINE LLP

By: */s/*
    John D. Freed

Attorneys for Plaintiffs
AMAZON.COM, INC.
AMAZON TECHNOLOGIES, INC.

DATED: December 5, 2024

MILORD LAW GROUP, PC

By: /s/
    Milord Keshishian

Attorneys for Defendants
UMER WASIM
TEKNOBYL DIGITAL LLC

**CERTIFICATION OF CONCURRENCE**

Pursuant to L.R. 5-1, I hereby attest that Milord Keshishian, attorney for Defendants Umer Wasim and Teknobyl Digital LLC, has provided his concurrence in the electronic filing of the foregoing document entitled JOINT CASE MANAGEMENT CONFERENCE STATEMENT.

*/s/*
John D. Freed