Steven C. Vondran, [SBN 232337]
The Law Offices of Steven C. Vondran, PC
One Sansome Street, Suite 3500
San Francisco, CA 94104
Phone: (877) 276-5084
Email: steve@vondranlegal.com

Attorneys for Defendants: MUHAMMAD MUDASSAR ANWAR and TECH DRIVE PVT, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON.COM, INC et al, <br><br>　　　　　Plaintiff, <br><br>vs. <br><br>MUHAMMAD MUDASSAR ANWAR, an individual, TECH DRIVE PVT, LLC, a New York Limited Liability Company, et al. <br><br>　　　　　Defendants. | Case No.: 3:23-cv-05580-TLT-RI <br><br>Honrable Judge: Trina L. Thompson <br><br>**NOTICE OF MOTION AND MOTION TO SETASIDE DEFAULT AND DISMISS CASE FOR LACK OF PERSONAL JURISDICTION** <br><br>Hearing <br>Date: February 25th, 2025 <br>Time: 2:00 p.m. <br>Place: 450 Golden Gate Avenue, Courtroom #9 (19th Floor) San Francisco, CA 94102. |

**NOTICE OF MOTION TO SET ASIDE DEFAULT AND DISMISS THE CASE AGAINST DEFENDANT UNDER FRCP** rules 12(b)(2) and 12(b)(3), 55(c) and 60(b) for lack of personal jurisdiction. Comes now MUHAMMAD MUDASSAR ANWAR, an individual, and TECH DRIVE PVT, LLC, a New York company, now closed, ("Defendants") providing notice that it

1

will move this court for such Order which hearing shall be heard on **February 25th, 2025 at 450 Golden Gate Avenue, Courtroom #9 at 2:00 p.m.,** or at such time as the court may order. The grounds for this motion are that there is no personal jurisdiction and no mininimum contacts with California to justify either general or specific jurisdiction over Defendants and the default entered is thus null and void. There was no reasonable basis for filing the instant lawsuit in California and proper venue and jurisdiction is in New York which is based on a single address on a website (which Defendants did not put there at any rate).

     Undersigned counsel has discussed this with Plaintiff counsel who asserts that jursidiction is proper due to a website that had a California address. They would not agree to set aside the default, necessitating the filing of this motion.

     Defendant requests a telephonic motion pursuant to *Local Rule 7.1(b)* if a hearing is required.

Respectfully Submitted,

               /s/SteveVondran  
             Steven C. Vondran, [SBN 232337]  
             The Law Offices of Steven C. Vondran, PC  
             One Sansome Street, Suite 3500  
             San Francisco, CA 94104  
             Phone: (877) 276-5084  
             Email: steve@vondranlegal.com  
             Attorney for Defendant  
             MUHAMMAD MUDASSAR ANWAR

## I. MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Background Facts

Defendants MUHAMMAD MUDASSAR ANWAR and TECH DRIVE PVT, LLC have been sued for alleged involvement in a fraudulent scheme using Plasintiff's intellectual property. Defendant denies all allegations of wrongdoing. Defendant's declaration confirms that there is no grounds to exercise personal jursidction over the defendant in this court. The proper court would be located in the relevant jursidiction and venue in New York.

### 2. Issues to be decided

A. Whether there are proper grounds to set-aside the default under FRCP Rules 55(c) and 60(b)?

B. Whether the case should be dimissed for lack of personal jurisdiction under F.R.C.P Rule 12(b)(2) and 12(b)(3) for lack of proper in personam jurisdiction and venue.

## II. LEGAL STANDARD

Under *Federal Rule of Civil Procedure 60(b)(4),* a district court may set aside a default judgment if the judgment is void. A final judgment is "void" for purposes of Rule 60(b)(4) when the issuing court lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound. <u>United States v. Berke</u>, 170 F.3d 882, 883 (9th Cir. 1999); also see <u>S.E.C. v. Internet Solutions for Bus. Inc</u>., 509 F.3d 1161, 1165 (9th Cir. 2007) ("A final judgment is void, and therefore must be set aside under *Federal Rule of Civil Procedure 60(b)(4),* "if the

court that considered it lacked jurisdiction ... over the parties to be bound."); Mason v. Genisco Technology Corp., 960 F.2d 849, 851 (9th Cir.1992).

A motion to vacate a default judgment for lack of jurisdiction may be made at any time. SEC v. Internet Solutions for Bus. Inc., 509 F.3d at 1165. When a court lacks personal jurisdiction over a defendant, it has a "nondiscretionary duty" to grant relief from any default judgment issued. Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica, 614 F.2d 1247, 1256 (9th Cir. 1980). Further, *F.R.C.P 55(c)* states *"[t]he court may set aside an entry of default for good cause. . ."* Good cause exists for this Court to set aside the default judgment in this case because the Court lacked personal jurisdiction over this case and the venue is improper. The Supreme Court has repeatedly held that "'[f]ederal courts are courts of limited jurisdiction,' possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 373, 377 (1994)).

### A. There is no general jurisdiction.

There is no facts alleged or asserted in the Complaint to support any finding of a *systematic and continuous* presence by Defendant in the State of California. In fact, as to each Defendant Plaintiff explicity notes they are domiciled in New York (see Complaint P. 5 lines 8-12). On page 6 of the complaint they list the grounds for jurisdiction, which Defendants allege is factually lacking prima facie grounds to establish venue and general jurisdiction. Their allegations state:

27. The Court has personal jurisdiction over Defendants, all of whom have conducted business activities in and directed to California. At all times material to the allegations herein, Defendants did business directed to California, and operated infringing websites that listed business addresses in Santa Clara County, California.

28. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Northern District of California.

As the attached Defendant's declaration avers however, this is simply not true, and he has *no minimum contacts* with the State of California sufficient to confer general jurisdiction or proper venue over either Defendant. Moreover, a business website is not sufficient to confer jurisdiction, even if taken as true. General jursidiction requires a showing of much more to satisfy due process requirements.

A plaintiff bears the burden of establishing personal jurisdiction over all defendants. Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995) (citing Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990)). A defendant may move to dismiss a complaint for lack of personal jurisdiction. *Fed. R. Civ. P. 12(b)(2).* When a defendant does so, "the plaintiff is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Cummings v. W. Trial Lawyers Assoc., 133 F. Supp. 2d. 1144, 1151 (D. Ariz. 2001).

B. There is no specific jurisdiction.

Courts in the Ninth Circuit apply a three-part "minimum contacts" test to determine whether a defendant has sufficient contacts to subject to specific personal jurisdiction. Morrill v. Scott Fin. Corp., 873 F.3d 1136, 1142 (9th Cir. 2017); ***This test looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there***. Burger King, 471 U.S. at 475. To determine whether specific personal jurisdiction has been established, courts in the Ninth Circuit apply a three-prong "*minimum contacts*" test; (1) the non-resident defendant must **purposefully direct** his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which **arises out of or relates to** the defendant's forum related activities; and; (3) the exercise of jurisdiction **must comport with fair play and substantial justice**, i.e. it must be reasonable. (emphasis added). Morrill, 873 F.3d at 1142.

A plaintiff must satisfy both of the first two prongs to establish personal jurisdiction. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Burger King, 471 U.S. at 476–78. If one of the first two prongs is not met, the and the inquiry ends there, and the Court does not have personal jurisdiction over the defendant.

N OTICE OF MOTION AND MOTION TO SETASIDE DEFAULT AND DISMISS COM PLAINT FOR LACK OF JURISDICTION

**(i)     "Purposefully directed"**

To determine the first prong of the minimum contacts test, the Ninth Circuit has established separate inquiries depending on whether the nature of the claims at issue arise from a contract or alleged tortious conduct. See Morrill, 873 F.3d at 1142. Plaintiff's Complaint alleges, in essence, a trademark infringement via the use of a fraudulent website. Thus, the court should apply the **"*purposeful direction*"** inquiry to determine whether the first prong of the minimum contacts test is met (applying the purposeful direction test in evaluating plaintiff's wrongful institution of civil proceedings); see also Picot v. Weston, 780 F.3d 1206, 1212 (9th Cir. 2015). The purposeful direction inquiry "requires that the defendant:

(1) committed an intentional act,

(2) expressly aimed at the forum state,

(3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food*, 303 F.3d at 1111.

Actions may be directed at the forum state even if they occurred elsewhere. However, "*random, fortuitous, or attenuated contacts*" are insufficient to create the requisite connection with the forum. *Burger King*, 471 U.S. at 475.

Here, Plaintiff fails to allege facts giving rise to specific personal jurisdiction. Any claimed acts of wrongdoing are fortuitous or attenuated at best and amount to little more than using a website with a California address on it. Defendants deny any such wrongdoing as sworn to in their declaration, but even

assume Plaintiff's facts as true, there is no purposeful direction of conduct toward California. There is no allegation that the website at issue is "*interactive.*" In Carroll v. J.M. Smucker Co. (N.D.Cal. June 15, 2023, No. C 22-08952 WHA) 2023 U.S.Dist.LEXIS 104522, at *7-8 the Court held:

> "Our court of appeals has considered "the question whether tortious conduct on a nationally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed" for purposes of specific personal jurisdiction. *Mavrix Photo*, 647 F.3d at 1229. "***On the one hand, we have made clear that 'maintenance of a passive website alone cannot satisfy the express aiming prong***.'" *Ibid.* (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010)). Nevertheless, "[o]n the other, we have held that 'operating even a passive website in conjunction with "***something more***" [*8] — conduct directly targeting the forum — is sufficient.'" *Ibid.* (quoting *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002)). "In determining whether a nonresident defendant has done 'something more,' we have considered several factors, including the ***interactivity of the defendant's website, . . . the geographic scope of the defendant's commercial ambitions, . . . and whether the defendant 'individually targeted' a plaintiff known to be a forum resident.***" *Ibid.* (citations omitted). "In *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997), we discussed with approval a sliding scale analysis that looks to how interactive an Internet website is for purposes of determining its jurisdictional effect." *Boschetto v. Hansing*, 539 F.3d 1011, 1018 (9th Cir. 2008) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).

Here, Plaintiff fails to allege the "*something more*" that would provide a possible grounds for jurisdiction. There are no sufficient allegations in this regard.

**(ii)    "Arises out of or relates to"**

For specific jurisdiction to exist a claim "'must be one which *arises out of or relates to* the defendant's forum-related activities.'" Axiom Foods, 874 F.3d at 1068

(quoting <u>Dole Food Co.</u>, 303 F.3d at 1111) (emphasis added). This is a claim-tailored inquiry that requires us to examine the plaintiff's specific injury and its connection to the forum-related activities in question. *See* <u>Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.</u>, 582 U.S. 255, 262, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017) (explaining that "there must be 'an affiliation between the forum and the underlying controversy'" (quoting <u>Goodyear</u>, 564 U.S. at 919)); <u>Williams v. Yamaha Motor Co. Ltd.</u>, 851 F.3d 1015, 1022-23 (9th Cir. 2017) ("In order for a court to have specific jurisdiction over a defendant, 'the defendant's suit-related conduct must create a substantial connection with the forum State.'" (quoting *Walden*, 571 U.S. at 284)). See <u>Briskin v. Shopify, Inc</u>. (9th Cir. 2023) 87 F.4th 404, 413.

Here, there is no substantial connection by Defendant to the forum. The alleged harm is not specific to California or its citizens. Merely having a website that California residents can search and find online is attenuated and insubstantial contact at best and there is no plausible argument this is a proper venue in any event.

A purely "passive" website that merely hosts information "does not qualify as purposeful activity invoking the benefits and protections" of the fora in which the website may be viewed. <u>Cybersell, Inc. v. Cybersell, Inc</u>., 130 F.3d 414, 420 (9th Cir. 1997); *see also* <u>Herbal Brands</u>, 72 F.4th at 1091 ("It is well settled that '[m]ere passive operation of a website is insufficient to demonstrate express aiming.'" (quoting <u>Will Co</u>., 47 F.4th at 922). For these reasons, Plaintiff cannot

satisfy prong two, also warranting dismissal of the action.  Briskin v. Shopify, Inc. (9th Cir. 2023) 87 F.4th 404, 417.)

    **(iii)   "Reasonable and fair"**

Even if Plaintiff were to be found to have satisfied the first two prongs, it would still offend traditional notions of fair play and substantial justice and would cause unreasonable financial hardship to defendant to be forced to appear in California.  Per his attached declaration, Defendant has no business operations in California, much less in this District, owns no property, has no employees and has no other meaningful contacts with California.  The Supreme Court has stated that obtaining personal jurisdiction over a defendant based on its contacts with the state must not "*offend traditional notions of fair play and substantial justice.*" See International Shoe Co. v. Washington, 326 U.S. 310 (1945).  The exercise of personal jurisdiction and venue in this case would violate due process.  Defendant would be forced to fly to California and defend this action, where he had no possible reason to believe he could be sued in California, much less being innocent of the claimed wrongdoing.  Thus, Plaintiff cannot meet its burden.

## III. CONCLUSION

For these reasons, the default entered by the Court as noted herein should be setaside and the case be dismissed for lack of personal jurisdiction, and the Court should sign the submitted [proposed] ORDER.

Respectfully Submitted,

Date: December 20, 2024

        /s/SteveVondran
Steven C. Vondran, [SBN 232337]
steve@vondranlegal.com
The Law Offices of Steven C. Vondran, PC
One Sansome Street, Suite 3500
San Francisco, CA 94104
Phone: (877) 276-5084
Attorneys for Defendant
MUHAMMAD MUDASSAR ANWAR

N OTICE OF MOTION AND MOTION TO SETASIDE DEFAULT AND DISMISS COM PLAINT FOR LACK OF JURISDICTION

## PROOF OF SERVICE - CCP §§ 1013a, 2015.5

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 620 Newport Center Drive, Suite 1100, Newport Beach, CA 92660

On the date and time set forth below, I electronically served the foregoing document described as

### MOTION TO SET ASIDE THE DEFAUTLT AND DISMIS THE CASE

on the interested parties in this action as follows:

**Davis Wright Tremaine LLP**
jakefreed@dwt.com
emilygoodell@dwt.com


The foregoing document was electronically served, or caused to be served, on the PERSONS listed above on December 20, 2024.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on December 20, 2024, at Newport Beach, California.

By: _/s/   Lisa Vondran_
.