UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| AMAZON.COM INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UMER WASIM, et al.,<br><br>    Defendants. | Case No. 23-cv-05580-TLT (RMI)<br><br>**ORDER FOR BRIEFING**<br><br>Re: Dkt. Nos. 77,78 |

Now pending before the court is Plaintiffs' Motion for Default Judgment (dkt. 68) as to multiple defaulting Defendants. Included in the list of defaulting Defendants are two who have recently entered appearances in the case – Mohammad Mudassar Anwar (an individual) and Tech Drive Pvt. LLC (a New York limited liability company) (collectively referred to as the "New York Defendants"). Through counsel, the New York Defendants have requested that the Clerk's Entry of Default (dkt. 52) be set aside and have moved to dismiss the case for lack of personal jurisdiction. *See generally* N.Y. Defs.' Mot. (dkts. 77). The essence of the New York Defendants' Motion is that "[g]ood cause exists for this Court to set aside the default judgment (sic) in this case because the Court lacked personal jurisdiction over this case and the venue is improper." *Id*. at 4. The New York Defendants' Motion does not offer any reason or explanation for their failure to thus far participate in the case. *See id*. at 1-10; *see also* Anwar Decl. (Dkt. 78) at 2-3.

Because the New York Defendants' jurisdictional arguments have some bearing on the determination of Plaintiffs' Motion for Default Judgment (dkt. 68), and because Plaintiffs should be given an opportunity to respond, the court directs Plaintiffs to submit briefing as to: (1) the adequacy of service of process and the question of personal jurisdiction (*see Tuli v. Republic of*

1  *Iraq (In re Tuli)*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, *i.e.*, the jurisdiction, to enter the judgment in the first place."); and, (2) as to the effect and timing of the New York Defendants' appearance and their arguments vis-à-vis the default judgment factors to be considered pursuant to *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiffs' responsive briefing shall be filed on or before Monday, January 6, 2025. If they so choose, the New York Defendants may file a reply brief on or before Monday, January 13, 2025. No sur-replies or further briefing shall be filed unless ordered by the court.

**IT IS SO ORDERED.**

Dated: December 22, 2024

ROBERT M. ILLMAN
United States Magistrate Judge