Bonnie MacNaughton (Bar No. 107402)
Emily Goodell (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone:    (206) 622-3150
Facsimile:    (206) 757-7700
Email:        bonniemacnaughton@dwt.com
              emilygoodell@dwt.com

John D. Freed (Bar No. 261518)
Jean M. Fundakowski (Bar No. 328796)
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA 94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email:        jakefreed@dwt.com
              jeanfundakowski@dwt.com

Attorneys for Plaintiffs AMAZON.COM, INC et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON. COM, INC et al., <br><br> Plaintiffs, <br><br> v. <br><br> UMER WASIM, et al., <br><br> Defendants. | Case No. 3:23-cv-05580-TLT-RI <br><br> Honorable Judge: Trina L. Thompson <br><br> **PLAINTIFFS' OPPOSITION TO MOTION TO SET ASIDE DEFAULT AND DISMISS CASE FOR LACK OF PERSONAL JURISDICTION** <br><br> Date:   February 25th, 2025 <br> Time:   2:00 pm <br> Place:  450 Golden Gate Avenue, Courtroom #9 9th Floor <br> San Francisco, CA 94102 |

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ........................................................................................................ 1

II.    FACTS ........................................................................................................................ 1

       A.     Procedural History ........................................................................................... 1

       B.     Evidence Against Defendants Anwar and Tech Drive ........................................... 2

III.   LEGAL STANDARD................................................................................................... 4

IV.    ARGUMENT ............................................................................................................... 4

       A.     The Court Should Deny the Motion to Set Aside the Default for Lack of
              Good Cause. ..................................................................................................... 4

              1.     Defendants' Conduct Is Culpable. ............................................................. 5

              2.     Defendants Have No Meritorious Defenses Because the Court Has
                     Personal Jurisdiction Over Anwar and Tech Drive and Venue is
                     Appropriate in this District. ....................................................................... 7

                     a.     This Court Has Jurisdiction Over Anwar and Tech Drive,
                            and Venue is Proper Within this District. ....................................... 7

                     b.     Defendants Have No Substantive Response to the Evidence
                            Against Them. ................................................................................ 7

              3.     Setting Aside the Default Would Prejudice Amazon. ................................ 8

       B.     The Court Should Deny the Motion to Dismiss for Lack of Personal
              Jurisdiction. ...................................................................................................... 9

              1.     The Court Can Exercise Personal Jurisdiction Over Anwar and Tech
                     Drive. ........................................................................................................ 9

              2.     If the Court Does Not Deny the Motion Outright, It Should
                     Authorize Amazon to Conduct Jurisdictional Discovery. ........................ 10

V.     CONCLUSION........................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adobe Sys. Inc. v. Accoladian Res. LLC*,
  2014 WL 3737979, at *3 (N.D. Cal. July 28, 2014) .................................................................. 9

*Alan Neuman Productions, Inc. v. Albright*,
  862 F.2d 1388 (9th Cir. 1988) ................................................................................................... 5

*Brandt v. Am. Bankers Ins. Co. of Fla.*,
  653 F.3d 1108 (9th Cir. 2011) ................................................................................................... 4

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ................................................................................................................... 9

*Butcher's Union Local No. 498 v. SDC Inv., Inc.*,
  788 F.2d 535 (9th Cir. 1986) ................................................................................................... 10

*Cal. Sportfishing Protection Alliance v. Pac. States Indus., Inc.*,
  2015 WL 5569073, *2 (N.D. Cal. 2015) ................................................................................... 5

*Doe v. Peterson*,
  2022 WL 3593294, *1 n.1 (N.D. Cal. 2022) .................................................................... 5, 6. 8

*Falk v. Allen*,
  739 F .2d 461 (9th Cir. 1984) .................................................................................................... 8

*In re Tuli*,
  172 F.3d 707 (9th Cir. 1999) ..................................................................................................... 4

*Laub v. U.S. Dept. of Interior*,
  342 F.3d 1080 (9th Cir. 2003) ................................................................................................. 10

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
  647 F.3d 1218 (9th Cir. 2011) ............................................................................................ 9, 10

*Moonbug Entertainment Limited v. HappyKidsTV*,
  2022 WL 18859471 (N.D. Cal. 2022) ....................................................................................... 4

*Nissan Motor Co. v. Nissan Comput. Corp.*,
  246 F.3d 675 (9th Cir. 2000) ..................................................................................................... 9

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) ................................................................................................... 9

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ..................................................................................................... 9

*TCI Grp. Life Ins. Plan v. Knoebber*,
  244 F.3d 691 (9th Cir. 2001) ................................................................................................. 5, 8

*United States v. Signed Personal Check No. 730 of Yubran S. Mesle*,
  615 F.3d 1085 (9th Cir. 2010) ....................................................................................... 4, 5, 6, 7

*Walden v. Fiore*,
　571 U.S. 277 (2014) ............................................................................................................... 9

**Statutes**

28 U.S.C. § 1391(b) .................................................................................................................... 10

C.P.L.R. § 311(a) .......................................................................................................................... 2

N.Y. Bus. Corp. L.
　§ 304............................................................................................................................................ 2

**Rules**

Fed. Rule Civ. Proc.
　Rule 55(a)................................................................................................................................... 4
　Rule 55(c)................................................................................................................................ 1, 5
　Rule 60(b) .................................................................................................................................. 4

## I. INTRODUCTION

Amazon personally served Defendants Muhammad Mudassar Anwar ("Anwar") and Tech Drive Pvt LLC ("Tech Drive") with the Complaint and Summons in this action more than thirteen months ago. They willfully ignored this case until the Court was poised to enter default judgment against them in December 2024. Faced with the possibility of a substantial judgment for their role in a fraud scheme, Defendants now make an eleventh-hour Motion to Set Aside Clerk's Entry of Default and Motion to Dismiss for Lack of Personal Jurisdiction ("Motion," ECF No. 77). The Court should deny the Motion.[1]

*First*, Defendants fail to show good cause to set aside their default. The Motion contains *no argument* on the elements of good cause under Rule 55(c), thereby waiving the issue. It only argues lack of personal jurisdiction. But it is undisputed that Defendants willfully ignored this lawsuit for thirteen months, preventing Amazon from taking discovery into the alleged fraud and impairing Amazon's ability to stop future misconduct. Defendants offer only the conclusory statement that they "den[y] all allegations of wrongdoing," despite their undisputed awareness of specific forensic evidence tying them to the alleged fraud. Because they have no answer to the evidence, they simply pretend it doesn't exist.

*Second*, Defendants' argument that the Court lacks jurisdiction is baseless. The evidence shows Defendants were the operators of a website advertising a *physical address in California*. It also shows Amazon was injured in California. This Court has specific jurisdiction over Defendants in this state.

## II. FACTS

**A.   Procedural History**

Amazon filed the Complaint in this Action on October 30, 2023. ECF No. 1. The Complaint names eighteen Defendants, including movants Anwar and Tech Drive.

---

[1] In the alternative, if the Court needs additional information about jurisdiction, Amazon requests that the Court grant it an opportunity to perform jurisdictional discovery before taking up the Motion.

Anwar is a resident of 919 Wilmot Road in Scarsdale, New York, and Tech Drive is a New York limited liability company registered at the same address. Declaration of Jean Fundakowski ("Fundakowski Decl.") ¶¶ 6, 8. Anwar is the sole managing member and registered agent for service of process for Tech Drive. *Id.* ¶¶ 7, 11; Ex. A. New York law permits service on a corporation through service on its designated agent for service of process, or service on a limited liability company by service on any member of the limited liability corporation in the state or any other person designed by the limited liability company to receive process. *Id.* ¶ 10 (N.Y. Bus. Corp. L. § 304; C.P.L.R. § 311(a)). Amazon executed service on Anwar and Tech Drive when it personally served Anwar with summonses and copies of the Complaint at the Wilmot Road address on November 27, 2023. *Id.* ¶¶ 6-12.

Neither Anwar nor Tech Drive appeared in this case or filed any responsive pleading until the filing of the Motion on December 20, 2024, over a year after their December 18, 2023 response deadline. *Id.* ¶¶ 13-14. Amazon filed a request for the Clerk of Court to enter default against them on January 25, 2024; default was entered on February 14, 2024. ECF Nos. 46, 52.

On September 13, 2024, Amazon filed a Motion for Default Judgment against 16 defendants, including Anwar and Tech Drive, seeking injunctive relief and damages for trademark infringement and cybersquatting. ECF No. 68. That motion was referred to Magistrate Judge Robert Illman; at Judge Illman's Order, Amazon served all defaulting defendants with notice of the default judgment hearing date. ECF Nos. 69, 72. Amazon re-served Anwar and Tech Drive at the Wilmot Road address on October 26, 2024, but they failed to move to set aside the default before the hearing on November 19, 2024. ECF No. 72; Fundakowski Decl. ¶¶ 20-22 & Ex. D.

Counsel for Anwar and Tech Drive first contacted counsel for Amazon on November 18, 2024, but did not explain Defendants' eleventh-hour decision to come forward. Fundakowski Decl. ¶ 21. After several discussions, including confidential settlement communications, Defendants filed the Motion. *Id.* ¶¶ 22-27.

**B.     Evidence Against Defendants Anwar and Tech Drive**

The Complaint alleges that Anwar and Tech Drive, together with other co-Defendants, are responsible for the operation of 26 websites that infringe or infringed upon Amazon's registered

trademarks to hoodwink and deceive aspiring authors into purchasing substandard, worthless, or even non-existent e-publishing services. Compl. ¶¶ 1, 37, 40, 71-72 (Website 10); 113-14 (Website 24); 116-18 (Website 25). Amazon has evidence that Anwar and/or Tech Drive are linked to three of those websites: Websites 10 (amazonpublishingsol.com), 24 (amazonpublishingpartner.com), and 25 (amazonprofessionalpublishers.com). Fundakowski Decl. ¶¶ 28-40. Website 25 remains active today. *Id.* ¶ 31.

Records from the domain registrar of Website 24 (amazonpublishingpartner.com) establish that Anwar registered Website 24's domain name on October 3, 2022, and that he used an email address linked to Tech Drive (subs@wedrivetech.com). Fundakowski Decl. ¶ 30. One of the individuals operating Website 24 falsely informed an Amazon investigator in April 2023 that Website 24 was affiliated with Amazon. *Id.* ¶ 31. Defendants or their agents communicated with Amazon's investigator using email addresses linked to another website in the Complaint infringing Amazon's trademarks, Website 25 (amazonprofessionalpublishers.com), revealing a connection between Website 24 and Website 25. *Id.* ¶ 32.

Amazon served a third-party subpoena on Namecheap and sought information from Namecheap through the Uniform Domain Name Dispute Resolution Process (UDRP), which revealed that Anwar's name and home address were listed as the registrant contact information for the domain name used by Website 24. *Id.* ¶¶ 33-35. Tech Drive's email address subs@wedrivetech.com is listed as the billing contact email address. *Id.* ¶ 37. The Namecheap information for Tech Drive's account (techdrive01) also shows that subs@wedrivetech.com e-mail address was used to register Websites 25 and Website 10. *Id.* ¶ 38. Furthermore, Anwar used his credit card to make payments on the Namecheap account associated with all three websites. *Id.* ¶ 38.

Websites 10, 24, and 25 all featured or feature live chat features. *Id.* ¶ 44. They also each offered book printing and publishing services. *Id.*

Each of the three websites used a California area code or physical address to indicate they were located and doing business within California. Website 10 (amazonpublishingsol.com) advertised its physical address to potential victims as 5201 Great America Pkwy Unit 320 Santa

1  Clara, California. *Id*. ¶ 42. It also posted that it had an "alliance with numerous online platforms,"
2  including Stanford Research Park, Netflix, and Idea, which are all headquartered in California. *Id*.
3  ¶ 43. Website 24 used a phone number with a Santa Clara County area code to text with potential
4  customers. *Id*. ¶ 31. And Website 25's url address rerouted to another business – "About
5  Worldwide Book Publishing"—which encouraged visitors to "get in touch" at its office address at
6  548 Market Street, San Francisco, CA 94104. *Id*. ¶ 43.

### III.    LEGAL STANDARD

"The Court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c)). To determine whether good cause exists, "a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation omitted). Whether to vacate the entry of default "is committed to the discretion of the district courts" and the matter is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112 (9th Cir. 2011) (citation omitted). However, the standard, "which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Moonbug Entertainment Limited v. HappyKidsTV*, 2022 WL 18859471, at *2 (N.D. Cal. 2022) (citation omitted). "To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

### IV.    ARGUMENT

**A.    The Court Should Deny the Motion to Set Aside the Default for Lack of Good Cause.**

The Court's entry of default was proper under Rule 55(a) because Defendants were personally served and subsequently failed to "plead or otherwise defend" themselves. Moreover, Defendants' conduct in ignoring this lawsuit was culpable, has prejudiced Amazon, and they have

no meritorious defense.  This Court has specific personal jurisdiction against Anwar and Tech Drive because they ran a business with a physical address in California.  The Court should therefore deny the Motion.

Defendants only ground for "good cause" is the question of personal jurisdiction, Mot. at 4, but Rule 55 requires a three-factor analysis, including culpability and prejudice.  Defendants ***do not brief all three Rule 55(c) factors***.  Accordingly, they have waived argument on these issues.  *See, e.g.*, *Cal. Sportfishing Protection Alliance v. Pac. States Indus., Inc.*, 2015 WL 5569073, *2 (N.D. Cal. 2015) ("Raising new arguments in reply is classic sandbagging, and the Court will not tolerate it."); *Doe v. Peterson*, 2022 WL 3593294, *1 n.1 (N.D. Cal. 2022) ("Doe attempts to make new arguments for remand in her reply, but those arguments have been forfeited ….").

### 1.     Defendants' Conduct Is Culpable.

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer."  *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original) (quoting *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)).  In this context, intentionally means that "a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process.'"  *Yubran S. Mesle*, 615 F.3d at 1092 (citing *TCI*, 244 F.3d at 697).  Culpability exists "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."  *Id.*

As the Court noted in its Order directing this briefing, Defendants failed to "offer any reason or explanation for their failure to thus far participate in this case."  ECF No. 80.  Mr. Anwar was personally served both in his individual capacity and as the designated agent for service of process of Tech Drive on November 27, 2023.  He cannot credibly claim he lacked knowledge of the suit, yet he waited more than a year to take any action.  Given Anwar's failure to explain himself, the Court can—and should—presume that his failure to participate was

deliberate, willful, and in bad faith. *See Yubran S. Mesle*, 615 F.3d at 1092. Anwar failed to address this issue in the Motion and may not do so on reply. *See Doe*, 2022 WL 3593294, *1 n.1.

Anwar's Declaration suggests that he did not respond because "he had no reason to believe [he] could sued in California," and asks the Court to note that it would cause him "great financial hardship to be forced to litigate this case in California." Anwar Decl. ¶ 12. Neither of these two statements make sense. Anwar had already been sued in California and he had no reason to think otherwise. And if he truly believed this, he should have appeared in the case—or at a minimum contacted Amazon's counsel for an explanation—over a year ago. It is also unclear what unique "financial hardship" Anwar will suffer, whether this case is in California or New York—he has to fund a defense lawyer in either forum. Anwar offers no credible, non-culpable explanation for his refusal to participate in this case.

By ignoring this Court's summons, Anwar and Tech Drive were able to shield themselves from legal scrutiny. Because of this refusal to participate in the legal process, Amazon had no opportunity to serve written discovery or conduct depositions of Anwar or Tech Drive. Such discovery would have revealed further information about their involvement in the fraud and might have enabled Amazon to learn the identities of additional victims, defendants, and associated websites, or to uncover additional evidence for this case or information which could help it prevent future predatory practices. Instead, Amazon was forced to conduct extensive and more time-consuming third-party discovery on Namecheap, the registrar of the three websites affiliated with Anwar and Tech Drive, and use whatever information it could glean from the public record about these sites. These were inferior alternatives to direct party discovery. Amazon then invested further resources preparing a substantial motion for default judgment, and Defendants waited until that briefing and presentation of evidence was concluded to come forward. This deliberate timing benefitted Defendants because it prevented Amazon from making a more fulsome default judgment demand based on the evidence it could have gleaned through discovery, rather than on the limited evidence it collected at the time of filing the Complaint and through subsequent third-party discovery.

### 2. Defendants Have No Meritorious Defenses Because the Court Has Personal Jurisdiction Over Anwar and Tech Drive and Venue is Appropriate in this District.

A defendant's burden to show a meritorious defense is not "extraordinarily heavy"—"[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. But Defendants have not met this modest burden, despite the substantial time they have had to prepare the Motion and muster their arguments. Defendants advance two defenses: (1) a flat denial of their involvement in the scam which fails to address any of the evidence against them; and (2) that the Court lacks personal jurisdiction over both Anwar and Tech Drive, and venue within this District is improper.

#### a. This Court Has Jurisdiction Over Anwar and Tech Drive, and Venue is Proper Within this District.

Defendants only argument to escape default judgment is one they could have (and should have) raised thirteen months ago: that the Court lacks personal jurisdiction over Anwar and Tech Drive, who are residents of New York. This defense is also the crux of their putative Motion to Dismiss. For the reasons explained below addressing the Motion to Dismiss, this Court can exercise jurisdiction over both Anwar and Tech Drive due to the way in which the businesses they ran purported to be based in this state and caused harm in this state. *See infra*, Part IV.B.

#### b. Defendants Have No Substantive Response to the Evidence Against Them.

To the extent the Motion argues that there is no evidence against Anwar or Tech Drive, Defendants have not offered enough information to overcome the evidence against them to present a meritorious defense.

Anwar merely denies all allegations in the Complaint and denies that he registered any domain names related to the Action. Anwar Decl. ¶¶ 4, 7. He states that he personally never had any offices in California, did any business targeted at California; employed any person in California; or owned any property in California. *Id*. ¶¶ 5-6, 8-9. He denies that he created "a website" or "inserted a California address" on that website. *Id.* ¶¶ 10.

Anwar never reconciles his unexplained denials with the extensive forensic evidence tying him to the alleged scheme—evidence he is aware of because Amazon shared it with his attorney

before he filed the Motion. Fundakowski Decl. ¶ 39. Specifically: (1) an email address associated with his business were used to operate Websites 10, 24, and 25; (2) Namecheap records establish that he registered Website 24; and (3) a credit card in his name was used to make payments on his company's account at Namecheap linked to those sites. Anwar has no response to this evidence, which is why the Motion pretends it does not exist.

### 3. Setting Aside the Default Would Prejudice Amazon.

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, the 'standard is whether plaintiff's ability to pursue his claim will be hindered.'" *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) (citing *Falk v. Allen*, 739 F .2d 461, 463 (9th Cir. 1984)). In order to be prejudicial, the delay must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusions." *Id*. Defendants do not address prejudice in the Motion and may not do so on reply. *Doe v. Peterson*, 2022 WL 3593294, at *1 n.1.

Due to Defendants' failure to participate in this lawsuit, Amazon has been unable to conduct discovery and obtain critical evidence about the scheme's organization, the connections between defendants, the amount of funds wrongfully obtained from victims, as well as any ongoing fraud. Due to the passage of time, victims' preservation of evidence—including written records or memories of phone conversations, chats— against Defendants is less and less likely. This has likely resulted in the critical loss of evidence needed against Defendants.

Critically, Defendants may still be engaging in the alleged fraud, and thus the delay has provided them with greater opportunity for fraud. Website 25 remains active to this day. Fundakowski Decl. ¶ 32. Furthermore, Defendants could have opened or operated new websites and domains since this lawsuit was filed to continue to perpetrate the alleged scheme. Without the advantage of discovery, Amazon has no reliable method to confirm that Defendants have not replicated this scam by registering new domains and using new websites. Forcing Amazon to start over—especially with a new lawsuit in New York—would reward Anwar for his refusal to participate in this case over the past thirteen months.

**B.     The Court Should Deny the Motion to Dismiss for Lack of Personal Jurisdiction.**

**1.     The Court Can Exercise Personal Jurisdiction Over Anwar and Tech Drive.**

A federal court may have specific (also known as "limited") personal jurisdiction if the defendant has certain minimum contacts with the forum state, the controversy arose out of those contacts, and the exercise of jurisdiction is reasonable. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985). The inquiry whether a forum state may assert specific jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (cleaned up). For claims sounding in tort, the non-resident must have "purposefully directed" activities at the forum state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

The Ninth Circuit applies a three-part test for the purposeful direction analysis: a defendant "purposefully directed his activities at the forum if [the defendant]: '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely be to be suffered in the forum state.'" *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (citation omitted). This test applies in trademark disputes. *See, e.g., Nissan Motor Co. v. Nissan Comput. Corp.*, 246 F.3d 675, 675 (9th Cir. 2000) (applying purposeful direction analysis to trademark infringement lawsuit); *Adobe Sys. Inc. v. Accoladian Res. LLC*, 2014 WL 3737979, at *3 (N.D. Cal. July 28, 2014) (same).

Anwar and Tech Drive committed intentional acts of trademark infringement and/or cybersquatting expressly directed to California, ***using physical address and phone numbers listed on Website 10 in Santa Clara, California***. Here, the three fraudulent businesses liked to the Defendants—Websites 10, 24, and 25—were each located or did dealings within this district. Website 24 used a 408 area code phone number from Santa Clara County to chat with customers, and Websites 10 and 25 advertised physical addresses for their businesses within this district: one in San Francisco, and one in Santa Clara. Fundakowski Decl. ¶¶ 31, 42-44. "[A] corporation can suffer economic harm [] where the bad acts occurred." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011). Because the "economic loss caused by the intentional infringement of [Amazon's trademarks] is foreseeable, [i]t was foreseeable that this economic loss

would be inflicted not only in [Washington, Amazon's] principal place of business, but also in California." *Id*. at 1232 (personal jurisdiction in California existed over Ohio corporation in copyright claim by Florida corporation). California is one of Amazon's largest sales territories in the U.S. for its publishing businesses, Amazon Publishing and Kindle Direct Publishing. ECF No. 68-3; Declaration of Julia Sommerfeld ¶ 9; ECF No. 68-4, Declaration of Courtney Sakre ¶ 13. A significant number of APub customers and authors reside in California, as well as a significant number of KDP customers. *Id*. Because a "significant number of Californians" use Amazon's publishing services and are subject to being confused and defrauded by Defendants' conduct, "a jurisdictionally significant amount of [Amazon's] economic harm took place in California." *See Mavrix Photo*, 647 F.3d at 1230.

Venue is proper within the Northern District of California for the same reasons. Under 28 U.S.C. § 1391(b), venue is proper in any judicial district in which a substantia part of the events or omissions giving rise to the claim occurred.

### 2. If the Court Does Not Deny the Motion Outright, It Should Authorize Amazon to Conduct Jurisdictional Discovery.

Personal jurisdiction over Defendants is proper in California because they used physical addresses and phone numbers in this State to operate their fraudulent business, and because of the injury sustained by Amazon in California. That should be the end of the inquiry and the Court should proceed to enter default judgment against Anwar and Tech Drive.

However, if the Court finds for some reason that Amazon has not sufficiently shown that it has personal jurisdiction over Anwar and/or Tech Drive, Amazon requests that the Court authorize Amazon to conduct limited jurisdictional discovery against Defendants. "[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (district court abused discretion by denying request for jurisdictional discovery where additional discovery would be useful to establish jurisdiction) (citing *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)).

Defendants' refusal to participate in this case denied Amazon the opportunity to conduct discovery into Defendants' business and therefore learn more about its contacts with California. Amazon knows that the business conducted by Websites 10, 24, and 25 (the websites linked to Defendants) listed two California business addresses and offered book publishing and printing services to consumers in California. If necessary to establish personal jurisdiction in California, Amazon should be able to explore Defendants' contacts with this State in discovery.

## V. CONCLUSION

For the reasons set forth above, the Court should deny Anwar and Tech Drive's Motions to Set Aside the Default and Dismiss the Complaint for Lack of Jurisdiction.

Amazon takes it commitment to protect its customers from fraud very seriously, and intends to pursue this case and Anwar and Tech Drive for their acts of trademark infringement, but Amazon should not suffer what will amount to a multi-year setback because Defendants willfully refused to participate in this case since November 2023. If the Court has any doubts about jurisdiction, Amazon respectfully requests that the Court order jurisdictional discovery.

DATED: January 6, 2025

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/Jean Fundakowski*
Bonnie MacNaughton
John D. Freed
Emily Goodell
Jean M. Fundakowski
Attorneys for Plaintiffs
AMAZON.COM, INC et al.