Steven C. Vondran, [SBN 232337]
The Law Offices of Steven C. Vondran, PC
One Sansome Street, Suite 3500
San Francisco, CA 94104
Phone: (877) 276-5084
Email: steve@vondranlegal.com

Attorneys for Defendants: MUHAMMAD MUDASSAR ANWAR and TECH DRIVE PVT, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON.COM, INC et al, <br><br>   Plaintiff, <br><br> vs. <br><br> MUHAMMAD MUDASSAR ANWAR, an individual, TECH DRIVE PVT, LLC, a New York Limited Liability Company, et al. <br><br>   Defendants. | Case No.: 3:23-cv-05580-TLT-RI <br><br> Honorable Judge: Trina L. Thompson <br><br> **REPLY RE MOTION TO SETASIDE DEFAULT AND DISMISS CASE FOR LACK OF PERSONAL JURISDICTION** <br><br> Hearing <br> Date: February 25th, 2025 <br> Time: 2:00 p.m. <br> Place: 450 Golden Gate Avenue, Courtroom #9 (19th Floor) San Francisco, CA 94102. |

**REPLY**

Defendant replies to Plaintiff's opposition as follows.

1. Plaintiff has not cited any case for its proposition that an address listed on a website with a California address (with a 408-area code phone number) equates to personal jurisdiction. See Opp. p.3 at 26-27. An address on a website does not amount to "*expressly aiming at a forum*" nor does Plaintiff explain any plausible theory how (the true culprit) would have known they were "*causing harm likely to be suffered in the forum state.*" as Plaintiff alleges at Opp. p.9 at 11-14. No facts means no grounds for specific jurisdiction.

The "mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Walden,* 571 U.S. at 284 (2014). Rather, courts consider two factors to assess whether a defendant has purposefully directed his actions at the state. "First, the relationship must arise out of contacts that the defendant himself creates with the forum State." Burger King, 471 U.S. at 475. Second, the "minimum contacts" analysis looks to the ***defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there***. Id. "Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties." *Walden*, 571 U.S. at 284.

Plaintiff makes no showing as to how Defendant (a victim of identity theft – see attached police report) was targeting California authors/customers and intending to harm California consumers.

2. Plaintiff initially claimed that the Namecheap domain name registration contract provided personal jurisdiction over Defendant. They have not responded to this objection and have thus <u>waived</u> this argument, which had no merit in the first place. Defendant did not register the domains in question, nor did he post the websites, nor add an address to such website. See Declaration of Muhammad Anwar.

3. If Defendant truly owns and posted the websites at issue, he would have surely deleted the one Plaintiff claims is still posted. In fact, Defendant did not post any of the three websites and has no ability to take them down. See Declaration. Even had he posted any of these websites, this alone lacks a legal basis for this court to exercise jurisdiction.

The Ninth Circuit has found that *foreign acts having a foreseeable effect in the forum state alone are insufficient to meet this standard*. Rather, "something more," meaning "express aiming" at the forum, is required. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010). (*Silicon Econ., Inc. v. Fin. Accounting Found. & Fin. Accounting Stds. Bd.* (N.D.Cal. Nov. 24, 2010, No. 10-CV-01939-LHK) 2010 U.S.Dist.LEXIS 130989, at *15.) (emphasis added).

4. Plaintiff was informed that Defendant was a <u>victim of identity theft</u> (a <u>meritorious defense</u> to the allegations in this complaint), apparently, despite a police report in hand, Plaintiff seeks to hold Defendant accountable for something he did not do. Plaintiff was advised of this and are aware of this

3
REPLY

since Defendant informed Plaintiff counsel of this as recently as December 20, 2024 (before their opposition was filed).



A copy of the filed police report was sent to Plaintiff counsel and is attached to Defendant's declaration.

5. Defendant cites no case to support its contention that a "*chat box*" makes a website interactive under the law. This is conclusory and nothing more.

In fact, case law refutes their attempt to exercise personal jurisdiction on this ground:

> "Likewise, Silicon has not carried its burden to show that the FASB website ought to expose FASB to general personal jurisdiction in California. Although the FASB website is "interactive," in the sense that it can be used to make purchases of FASB publications, there is no evidence about the level or overall volume of FASB's sales in California, or how this compares to sales from FASB's website in other states. *See Bancroft & Masters*, 223 F.3d at 1086 (defining an "interactive" website as one that can be used to "make purchases," and holding that "occasional" and "unsolicited" sales in the forum state are insufficient to support general jurisdiction). **Generally, Courts have been reluctant to find general jurisdiction based on internet presence alone, even when the defendant hosts a highly interactive website**. *See Coremetrics, Inc. v. AtomicPark.com, LLC*, 370 F. Supp. 2d 1013, 1019-20 (N.D. Cal. 2005) (collecting cases finding no general jurisdiction based solely on website; finding general jurisdiction based on highly-interactive website generating over $3.3M in sales in forum in under a year, in addition to agreements with third parties located in the forum; purchases of over $1M from forum residents; and multiple agreements to submit to personal jurisdiction in the forum).

See *Silicon Econ., Inc. v. Fin. Accounting Found. & Fin. Accounting Stds. Bd.* (N.D.Cal. Nov. 24, 2010, No. 10-CV-01939-LHK) 2010 U.S.Dist.LEXIS 130989, at *9-10.) (emphasis added).

6. Plaintiff additionally cites in conclusory fashion (Opp. p.10 at 11-13) that "*venue is proper for the same reasons.*" Yet it is not at all clear how venue would be proper in the Northern District of California. Amazon is admittedly headquartered in Washington. Defendant has at all times been located in New York, as Plaintiff makes clear in both its complaint and motion papers. There is no practical or legal basis for the case to be heard in the Northern District of California.

7. Any delay in responding to this action was due to a lack of legal funds to hire an attorney. He had no ability to respond at the time. See Defendant's declaration. At any rate, there is no grounds for personal jurisdiction.

8. There is no need for jurisdictional discovery. Plaintiff has always known where Defendant is located. It is so stated in the original complaint. They are not able to cite any applicable case law to support their allegations of specific jurisdiction based on the flimsy facts at bar. Moreover, they are suing an innocent party.

**CONCLUSION**

For these reasons, the default entered by the Court as noted herein should be set-aside and the case be dismissed for lack of personal jurisdiction, and the Court should sign the submitted [proposed] ORDER to confirm such.

Respectfully Submitted,

Date: January 10, 2024

        /s/SteveVondran
Steven C. Vondran, [SBN 232337]
steve@vondranlegal.com
The Law Offices of Steven C. Vondran, PC
One Sansome Street, Suite 3500
San Francisco, CA 94104
Phone: (877) 276-5084
Attorneys for Defendant
MUHAMMAD MUDASSAR ANWAR

# CERTIFICATE OF SERVICE

I, Lisa Vondran, declare that I am employed in the County of San Francisco, in the State of California. I am over the age of eighteen years and not a party to the within cause. My business address is: One Sansome Suite 3500, San Francisco, CA 94104. On January 10th, 2024, I served the following documents through the Court's ECF filing system to all registered users:

**REPLY RE MOTION TO DISMISS, DECLARATION OF DEFNDANT**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 10th, 2025, at Phoenix, Arizona.

/s/    Lisa Vondran
Lisa Vondran, Assistant