United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON.COM INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UMER WASIM, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-05580-TLT<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>Re: Dkt. No. 88 |

　　　　Pending before the Court is Magistrate Judge Robert M. Illman's Report and Recommendation ("R&R") to grant Plaintiffs Amazon.com, Inc. and Amazon Technologies, Inc.'s (collectively, "Amazon") motion for default judgment, ECF 68, and deny Defendants Muhammad Mudassar Anwar and Tech Drive PVT LLC's (collectively, "New York Defendants") motion to set aside default and dismiss for lack of personal jurisdiction, ECF 77.  ECF 88.  On February 17, 2025, New York Defendants filed an objection regarding the R&R's analysis on the motion to set aside default.  ECF 93.  No objection was filed regarding the R&R's analysis on Amazon's motion for default judgment.

　　　　The Court has reviewed the R&R and finds the analysis thorough and well-reasoned.  *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112 (9th Cir. 2011) ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability."); *In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991) ("[T]he trial court's denial of a motion to vacate a default judgment will be affirmed if the defendant's own culpable conduct prompted the default.").  The Court adopts the R&R in every respect.

　　　　Accordingly, for the reasons stated in the R&R, the Court **GRANTS** Amazon's motion for default judgment and **DENIES** New York Defendants' motion to set aside default judgment and

1   dismiss for lack of personal jurisdiction.

2   The Court enters judgment in favor of Plaintiffs and against Defendants (1) VTLogodesign, Inc.; (2) MK Affiliates, Inc.; (3) Ali Alam; (4) Dynamic Digital Solutions LLC; (5) Mehwash Munir; (6) One Stop Computer Services LLC; (7) Muhammad Zubair Khan; (8) Techture Inc.; (9) Muhammad Mudassar Anwar; (10) Tech Drive Pvt LLC; (11) Ashhar Rawoof; (12) Smart Startup Solutions, LLC.; (13) Muhammad Usman Khan; (14) Yasir Agar; (15) Muhammad Shiraz Qureshi; and (16) Mavia Nizam (collectively, "Defendants").

**Statutory Damages**

The Court awards statutory damages for Defendants' willful violations of the Lanham Act as follows:

1.  $2,500,000.00 from Defendant Muhammad Usman Khan for willful infringement of the Amazon Marks 1–3, 6, and 8.  15 U.S.C. § 1117(c).

2.  $2,500,000.00 from Defendant VTLogoDesign, Inc. for willful infringement of the Amazon Marks 1–3, 6, and 7.  15 U.S.C. § 1117(c).

3.  $2,500,000.00 from Defendant MK Affiliates, Inc. for willful infringement of the Amazon Marks 1–3, 6, and 7.  15 U.S.C. § 1117(c).

4.  $2,500,000.00 from Defendant Ali Alam for willful infringement of the Amazon Marks 1–3, 6, and 8.  15 U.S.C. § 1117(c).

5.  $300,000.00 from Defendant Ali Alam for cybersquatting in connection with the domain names: Amzdigitalpro.com, amazonpublisherpro.com, and amazonkdpublishing.com. 15 U.S.C. § 1117(d).

6.  $2,000,000.00 from Defendant Dynamic Digital Solutions LLC for willful infringement of the Amazon Marks 1, 3, 6, and 8. 15 U.S.C. § 1117(c).

7.  $2,500,000.00 from Defendant Mehwash Munir for willful infringement of the Amazon Marks 1–3, 6, and 8. 15 U.S.C. § 1117(c).

8.  $2,500,000.00 from Defendant One Stop Computer Services LLC for willful infringement of the Amazon Marks 1-3, 6, and 8. 15 U.S.C. § 1117(c).

9.  $2,000,000.00 from Defendant Muhammad Zubair Khan for willful infringement

1 of the Amazon Marks 1, 3, 6, and 8. 15 U.S.C. § 1117(c).

2   10.   $200,000.00 from Defendant Muhammad Zubair Khan for cybersquatting in
3 connection with the domain names: Amazonpublishers.ca and amazonbookhub.com. 15 U.S.C. §
4 1117(d).

5   11.   $2,000,000.00 from Defendant Techture Inc. for willful infringement of the
6 Amazon Marks 1, 3, 6, and 8.  15 U.S.C. § 1117(c).

7   12.   $1,500,000.00 from Defendant Muhammad Mudassar Anwar for willful
8 infringement of the Amazon Marks 1, 2, and 3.  15 U.S.C. § 1117(c).

9   13.   $1,500,000.00 from Defendant Tech Drive PVT LLC for willful infringement of
10 the Amazon Marks 1, 2, and 3.  15 U.S.C. § 1117(c).

11   14.   $300,000.00 from Defendant Tech Drive PVT LLC for cybersquatting in
12 connection with the domain names: Amazonpublishingsol.com, amazonpublishingpartner.com and
13 amazonprofessionalpublishers.com.  15 U.S.C. § 1117(d).

14   15.   $2,500,000.00 from Defendant Ashhar Rawoof for willful infringement of the
15 Amazon Marks 1–3, 6, and 8.  15 U.S.C. § 1117(c).

16   16.   $100,000.00 from Defendant Ashhar Rawoof for cybersquatting in connection with
17 the domain names: Amazonkindledirectpublishing.com.  15 U.S.C. § 1117(d).

18   17.   $2,000,000.00 from Defendant Smart Startup Solutions, LLC for willful
19 infringement of the Amazon Marks 1, 3, 6, and 8.  15 U.S.C. § 1117(c).

20   18.   $2,000,000.00 from Defendant Yasir Agar for willful infringement of the Amazon
21 Marks 1, 3, 6 and 8.  15 U.S.C. § 1117(c).

22   19.   $400,000.00 from Defendant Yasir Agar for cybersquatting in connection with the
23 domain names: Amazonprofinc.com, amazonkindlebookpublishing.com, amazonkindleproinc.com
24 and amazonkdpublishers.com.  15 U.S.C. § 1117(d).

25   20.   $2,000,000.00 from Defendant Mavia Nizam for willful infringement of the
26 Amazon Marks 1–3 and 6.  15 U.S.C. § 1117(c).

27   21.   $500,000.00 from Defendant Mavia Nizam for cybersquatting in connection with
28 the domain names: Amazondigitalpro.com, amzdigitalpro.com, amazonpublisherpro.com,

amazonpublishingzone.com, and amazonkdppublication.com. 15 U.S.C. § 1117(d).

22. $2,000,000.00 from Defendant Muhammad Shiraz Qureshi for willful infringement of the Amazon Marks 1, 3, and 6. 15 U.S.C. § 1117(c).

23. $100,000.00 from Defendant Muhammad Shiraz Qureshi for cybersquatting in connection with the domain names: Amzkindlepublishing.com. 15 U.S.C. § 1117(d).

24. Interest from the date of entry of this judgment shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

**Permanent Injunction**

Defendants (1) VTLogodesign, Inc.; (2) MK Affiliates, Inc.; (3) Ali Alam; (4) Dynamic Digital Solutions LLC; (5) Mehwash Munir; (6) One Stop Computer Services LLC; (7) Muhammad Zubair Khan; (8) Techture Inc.; (9) Muhammad Mudassar Anwar; (10) Tech Drive Pvt LLC; (11) Ashhar Rawoof; (12) Smart Startup Solutions, LLC.; (13) Muhammad Usman Khan; (14) Yasir Agar; (15) Muhammad Shiraz Qureshi; and (16) Mavia Nizam, and their respective officers, directors, employees, agents, successors and assigns, and all others in active concert or participation with them, are permanently enjoined and restrained from:

1. Using counterfeit versions of any trademarks registered by Amazon (or its subsidiary, Amazon Technologies, Inc.) as of this injunction's entry date in conjunction with any advertising, marketing, offer for sale, promotion, display, publication, website, voicemail, email, or software;

2. Using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any website, social media page, voicemail, email, advertising, or other marketing material has been produced, distributed, displayed, licensed, sponsored, approved or authorized by or for Amazon, when such is not true in fact;

3. Engaging in any activity which is likely to falsely cause members of the trade and/or public to believe that any goods or services of Defendants are in any way endorsed by, approved by, affiliated with, and/or associated with Amazon, or any other activity constituting an infringement or dilution of any trademarks registered by Amazon (or its subsidiary, Amazon

Technologies, Inc.);

4. Engaging in any activity that defrauds individuals into paying Defendants money for Amazon services or services purportedly related to Amazon services;

5. Registering or using any website domain names that use trademarks registered by Amazon (or its subsidiary, Amazon Technologies, Inc.) or are confusingly similar to trademarks registered by Amazon; and

6. Knowingly and materially assisting any other person or business entity in engaging in or performing any of the activities listed above.

**Transfer of Domain Names**

7. In order to give practical effect to the Permanent Injunction, the top level domain registry or their administrators shall, within thirty (30) days of receipt of this Order, transfer the below-listed domain names to Amazon, or change the registrar of record to a registrar of Amazon's choosing, and that registrar shall transfer the below-listed domain names to Amazon;

amazondigitalpublishing.com ("Website 6"),

amazondigitalpublisher.com ("Website 8"),

amazondigitalpublishers.com ("Website 9"),

amazonpublishingsol.com ("Website 10"),

amzdigitalpro.com ("Website 19"),

amazonkdpublishing.com ("Website 22"),

amazonkdppublication.com ("Website 23"), and

amazonprofessionalpublishers.com ("Website 25").

For all other domain names that are both (1) operated by the registrar accounts of the domain names listed in this Order, and (2) that also use the Amazon Marks or are confusingly similar to the Amazon Marks, the applicable top level domain registry or their administrators shall also transfer the domain names to Amazon, or change the registrar of record to a registrar of Amazon's choosing, and that registrar shall transfer the below-listed domain names to Amazon.

The Court will only retain jurisdiction to enforce the permanent injunction.

1     This Order resolves ECF 68, 77, and 88.

3     IT IS SO ORDERED.

4  Dated: February 25, 2025

_____
TRINA L. THOMPSON
United States District Judge